Francis O. J. Smith, Plaintiff, *v.* Heman B. Ely, Henry O'Reilly, Robert W. McCoy, Thomas Moodie, Michael B. Bateham, Lincoln Goodale, Wray Thomas, Albert B. Buttles and Robert Neil.

The preceding case of O'Reilly and Morse having settled the principles involved in the controversy between them, this court declines to hear an argument upon technical points of pleading in a branch of the case coming from another State.
The case is remanded to the Circuit Court.

This cause came up from the Circuit Court of the United States for the District of Ohio, upon a certificate of division in opinion between the judges thereof.

An action was brought by Smith, as the assignee of Morse and Vail, against Ely, O'Reilly, and others, for an infringement of Morse's patent rights to the telegraph, which are particularly set forth in the report of the preceding case.

The first count of the declaration was upon the patent of 1840, surrendered and reissued in 1846.

12*

The second count was upon the patent for improvements in transmitting and recording intelligence, by the use of the motive power of electricity.    Both of these patents were surrendered, and reissued in 1848.

The defendants filed eighteen pleas.    On the 2d, 3d, 4th, 5th, and 10th, the plaintiff took issue.    He demurred to the remaining pleas, and upon some of these demurrers the court were divided.

All that need to be stated in explanation of the case, will be to state the difference of opinion, and refer to the pleas.

And afterwards, to wit, on the twenty-third day of October, being in the year and at the time of said court last mentioned, "this cause came on to be heard at the present term upon the demurrers filed by the plaintiff to the sixth, seventh, eighth, ninth, eleventh, twelfth, thirteenth, fourteenth, fifteenth, sixteenth, seventeenth, and eighteenth special pleas of the defendants.    And thereupon, the arguments of counsel being heard, and due deliberation being had, the opinion of the judges of said court were divided as to the following questions, to wit:

I.  Upon the demurrer to the sixth and seventh pleas, respectively, whether the said letters-patent to the said Morse are void, for the reason that the same do not on their face respectively express that they are to run for fourteen years from the date of the patent issued to said Morse in the kingdom of France.

II.  Whether, upon the demurrer to the eighth, ninth, and eighteenth pleas, said letters-patent to said Morse assume, as to the matter alleged in said eighteenth plea, to patent a principle, or a thing which is not an art, machine, manufacture, or composition of matter, or any improvement on any art, machine, manufacture, or composition of matter; and if so, whether, and to what extent, said letters-patent, or any part thereof, are void in consequence thereof; and also whether said pleas are bad, respectively, for the reason that they assume to answer certain material and substantial parts of the plaintiff's claim, without averring that there are no other material and substantial parts embraced in his claim, which can be distinguished from the other parts averred to be so claimed without right, and on which he would be entitled to recover.

III.  Whether, upon the demurrers to the fourteenth and fifteenth pleas, said patent, issued April 11th, 1846, and reissued June 13, 1848, is void; and if so, to what extent; for the reason that it embraces as a material and substantial part thereof, a material and substantial part of a former patent issued to said Morse.

IV.  Whether, upon the demurrers to the eighth, ninth, fourteenth, and fifteenth pleas, said letters-patent issued to said

Morse are void, for the reason, as averred in said pleas, that he was not the original and first inventor of the several matters in said pleas respectively set forth; but the same had been, prior to said invention by said Morse, known and used in a foreign country.

The substance of these pleas was as follows:

6th. This plea alleges, that on the 18th of August, 1838, Morse took out a patent in France for the same invention patented to him in his letters of June 20, 1840; but that the latter were made to run fourteen years from date, instead of fourteen years from the date of the French letters.

7th. This plea states the same as the sixth, and that Morse's French patent was issued more than six months next before he filed his specification and drawings, annexed to the letters-patent of June 20, 1840.

Upon the demurrers to these two pleas the court were divided, as mentioned in the first question of division.

8th. This plea sets out with the patents of 1840, as reissued, and then alleges that " the use of the motive power of the electric or galvanic current, however developed, for marking or printing intelligible characters, signs, or letters, at any distances," is a substantial and material part of the thing patented; and it states that Morse was not the original and first inventor or discoverer of the thing patented, but that the same was known before to one Dr. Steinheil, of Munich, and used on a line from Munich to Bogenhausen.

The principles claimed and patented in the letters of 1840, referred to in the 8th and 9th pleas, are as follows, to wit:

." What I specially claim as my invention and improvement is, making use of the motive power of magnetism, when developed by the action of such current or currents substantially as set forth in the foregoing description of the first principal part of my invention, as means of operating, or giving motion to, machinery which may be used to imprint signals upon paper, or other suitable materials, or to produce sounds in any desired manner for the purpose of telegraphic communication of any distances."

*Eighth.* " I do not propose to limit myself to the specific machinery, or parts of machinery, described in the foregoing specification and claims, the essence of my invention being the use of the motive power of the electric or galvanic current, which I call electro-magnetism, however developed, for marking or printing intelligible characters, signs, or letters, at any distances — being a new application of that power, of which I claim to be the first inventor or discoverer."

9th. In this plea the defendants allege that the mode and

process of propelling and connecting currents of electricity, or galvanism, through two or more metallic conductors, is a substantial and material part of the thing patented in the letters of 1840; and they aver that Morse was not the original and first inventor or discoverer thereof, but the same was known to one Edward Davy, in England."

18th. In this plea the defendants allege that "the use of motive power of the electro-galvanic current, however developed, for marking and printing intelligible characters, signs, or letters, at any distances," is a substantial and material part of the thing patented, and is distinctly claimed by the patentee in the specification; and he avers that the thing, so patented and claimed, is not any art, machine, manufacture, or composition of matter, or any improvement on them.

The demurrers to these three pleas raise the questions secondly certified to this court.

14th. In this plea the defendant sets out the patent of 1846, as reissued to, and states that "the combination of a pen-lever, pen-point or points, and roller," mentioned in the patent, is a substantial and material part of the thing patented; and they aver that it was before known, and formed a part of an electro-magnetic telegraph for which Morse had taken out letters-patent in 1840.

15th. In this plea the defendants allege that, "the mode of combining two or more circuits of electricity or galvanism, mentioned and described in the specification annexed to the said letters-patent as an improvement, is a substantial and material part of the thing patented;" and they aver that in electro-magnetic telegraphs, before known, modes of combining, on the same principle described in the specification, two or more circuits of electricity or galvanism, existed, and formed a part thereof, to wit, in one patented to Morse, June 20, 1840; to Edward Davy, of London, July 4, 1838, by the Queen of Great Britain. This plea also states that Morse, in patent of 1846, does not specify and point out the improvement in the said mode of combining two or more circuits made by him, so as to distinguish the same from the said modes before known and patented by him and by Davy.

The third question certified to this court is raised by demurrers to these two pleas.

The fourth question is raised by demurrers to pleas 8, 9, 14, 15, above set forth.

Mr. Chief Justice TANEY delivered the opinion of the court.

The plaintiff in error is the assignee, within a certain tract of country, of the two patents granted to Morse for his Electro-

Magnetic Telegraph, one in 1840, and the other in 1846, and both reissued in 1848. And this action was brought in the Circuit Court for the District of Ohio, for infringements of both of these patents, within the limits assigned to the plaintiff.

The defendants did not proceed in their defence in the manner authorized by the act of Congress, but pleaded the general issue, and seventeen special pleas. Upon some of these pleas issue was joined, and others were demurred to; and, upon the argument of the demurrers, the judges of the court were divided in opinion on the following questions, which they have certified for decision to this court.

" I. Upon the demurrer to the sixth and seventh pleas respectively whether the said letters-patent to the said Morse are void, for the reason that the same do not on their face respectively express that they are to run for fourteen years from the date of the patent issued to said Morse in the kingdom of France.

II. Whether, upon the demurrer to the eighth, ninth, and eighteenth pleas, said letters-patent to said Morse assume, as to the matter alleged in said eighteenth plea, to patent a principle, or a thing which is not an art, machine, manufacture, or composition of matter, or any improvement on any art, machine, manufacture, or composition of matter; and if so, whether, and to what extent, said letters-patent, or any part thereof, are void in consequence thereof, and also whether said pleas are bad, respectively, for the reason that they assume to answer certain material and substantial parts of the plaintiff's claim, without averring that there are no other material and substantial parts embraced in his claim, which can be distinguished from the other parts averred to be so claimed without right, and on which he would be entitled to recover.

III. Whether, upon the demurrers to the fourteenth and fifteenth pleas, said patent, issued April 11th, 1846, and reissued June 13th, 1848, is void; and if so, to what extent; for the reason that it embraces as a material and substantial part thereof, a material and substantial part of a former patent issued to said Morse.

IV. Whether, upon the demurrers to the eighth, ninth, fourteenth, and fifteenth pleas, said letters-patent issued to said Morse are void, for the reason, as averred in said pleas, that he was not the original and first inventor of the several matters in said pleas respectively set forth; but the same had been, prior to said invention by said Morse, known and used in a foreign country."

The questions certified, so far as they affect the merits of the case, have all been substantially decided in the case of Morse and others *v.* O'Reilly and others, at the present term. But

several questions are presented by the certificate upon the construction of the pleas and the extent of the admissions made by the demurrers, and the legal effect of such admissions upon the plaintiff's right of action.

In relation to the questions which go to the merits, as they have been already fully heard and decided in the case above-mentioned, they are not open for argument in this case; and it would be a useless and fruitless consumption of time to hear an argument upon the technical questions alone. For, however the points of special pleading might be ruled by this court, they could have no material influence on the ultimate decision of the case: because, if it is found that errors in pleading have been committed by either party, injurious to his rights, an opportunity ought and would certainly be afforded him to correct them in some subsequent proceeding, so as to bring the real points in controversy fairly before the court.

For these reasons, the motion of the counsel for the defendants for leave to argue the points certified, is overruled, and the case, remanded to the Circuit Court.

Under such circumstances, we deem it proper to remand the case, without argument, to the Circuit Court for the District of Ohio, where either party may amend his pleadings, and where the defendants, if they can distinguish their case from that above mentioned, will have an opportunity of being heard.

## *Order.*

This cause came on to be heard on the transcript of the record from the Circuit Court of the United States for the District of Ohio, and on the points or questions on which the judges of the said Circuit Court were opposed in opinion, and which were certified to this court for its opinion, agreeably to the acts of Congress in such case made and provided, and it appearing to this court that the said questions, so far as they affect the merits of the case, have been substantially decided by this court at this term, in the case of O'Reilly et al. *v.* Morse et al., it is thereupon now here ordered and adjudged by this court, that this cause, without argument, be, and the same is hereby, remanded to the said Circuit Court, with directions to permit either party to amend his pleadings, and also to allow the defendants an opportunity to distinguish their case, if they can, from that above referred to.