# BATE REFRIGERATING COMPANY *v.* HAMMOND.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF MASSACHUSETTS.

No. 862.   Argued January 2, 3, 4, 1889. — Decided January 21, 1889.

A United States patent was granted November 20, 1877, for seventeen years, on an application filed December 1, 1876. A patent for the same invention had been granted in Canada, January 9, 1877, to the same patentee, for five years from that day, on an application made December 19, 1876. On a petition filed in Canada by the patentee, December 5, 1881, the Canada patent was, on December 12, 1881, extended for five years from January 9, 1882, and, on December 13, 1881, for five years from January 9, 1887, under § 17 of the Canada act assented to June 14, 1872 (35 Victoria, c. 26) : *Held,* under § 4887 of the Rev. Stat., that, as the Canada act was in force when the United States patent was applied for and issued,

and the Canada extension was a matter of right, at the option of the patentee, on his payment of a required fee, and the fifteen years' term of the Canada patent had been continuous and without interruption, the United States patent did not expire before the end of the fifteen years' duration of the Canada patent.

It was not necessary to the validity of the United States patent that it should have been limited in duration, on its face, to the duration of the Canada patent, but it is to be so limited by the courts, on evidence *in pais*, as to expire at the same time with the Canada patent, not running more than the seventeen years.

This was a suit in equity, brought in the Circuit Court of the United States for the District of Massachusetts, December 16, 1886, by the Bate Refrigerating Company, a New York corporation, against George H. Hammond and Company, a Michigan corporation, founded on the alleged infringement of letters patent No. 197,314, granted to John J. Bate, November 20, 1877, for the term of seventeen years from that day, on an application filed December 1, 1876, for an "improvement in processes for preserving meats during transportation and storage."

The plaintiff was the assignee of the patent. The bill alleged infringement, within the District of Massachusetts and elsewhere in the United States, by the making, using, and vending of the patented process, and alleged that the defendant had been engaged in the business of shipping fresh meat from the port of Boston to ports in Great Britain, by means of the process claimed in the patent. The claim was as follows: "The herein-described process of preserving meat during transportation and storage, by enveloping the same in a covering of fibrous or woven material, and subjecting it when thus enveloped to the continuous action of a current of air of suitably low and regulated temperature, substantially as and for the purpose set forth."

The defendant filed a plea, setting up, among other things, that, on the 9th of January, 1877, letters patent of the Dominion of Canada, No. 6938, for the same invention as that described and claimed in No. 197,314, were granted to the same John J. Bate, for the term of five years from the 9th of January, 1877; that, after No. 197,314 had expired,

at the end of .the term of five years for which such Canadian patent was granted, the Circuit Court of the United States for the District of New Jersey, upon being advised of the grant of such Canadian patent, vacated and set aside an injunction which it had theretofore granted, by. an interlocutory decree made in a suit in equity founded on No. 197,314, brought by the Bate Refrigerating Company against Benjamin W. Gillett and others; that thereafter Bate and the Bate Refrigerating. Company procured the rendition of a judgment by the Superior Court for Lower Canada, declaring the Canadian patent to have been void *ab initio* and vacating it and setting it aside; that such judgment of the Superior Court for Lower Canada being brought to the attention of the Circuit Court of the United States for the District of New Jersey, that court reinstated said injunction; and that afterwards the Superior Court for Lower Canada, in a suit brought by Sir Alexander Campbell, minister of justice and attorney general for the Dominion of Canada, against Bate and the Bate Refrigerating Company and others, adjudged that its said prior judgment had been "arrived at through the fraud to the law and collusion" of Bate, the Bate Refrigerating Company, and another person, "deceiving the attorney general, the advocates, and the court, employing and paying counsel on both sides, as well, seemingly, against themselves as on their apparent behalf," and revoked and annulled its said prior judgment. The plea concluded by averring that No. 197,314 expired on the 9th of January, 1882, and that the Circuit Court, sitting as a court of equity, had no jurisdiction to hear and determine an action in equity for the infringement of the patent.

The bill was then amended by averring that the application for the Canadian patent was not made until December. 19, 1876, while the application for No. 197,314 was made December 1, 1876; and that the Canadian patent was not actually or legally issued until on or about June 26, 1878, on or about which date a model of the invention, as required by law, was filed in the Canadian Patent Office. The amendment to the bill also set forth the two judgments of the Superior Court for Lower Canada, and averred that, by virtue of an act of the

parliament of the Dominion of Canada, assented to May 25, 1883, 46 Victoria, c. 19, the original term of the Canadian patent was actually fifteen years, instead of five years, and it would not terminate before the 9th of January, 1892.

Subsequently the defendant filed an answer to the bill, setting up, among other defences, want of novelty in the patented invention, but not denying that it had used the invention subsequently to the granting of the patent; and also setting up the granting of the Canadian patent for five years from January 9, 1877; that No. 197,314 was void, because it was issued for seventeen years, and its term was not limited by the Commissioner of Patents to five years from January 9, 1877; that the Canadian application was not made until after the application for No. 197,314 was filed; that Bate did not file a model in the Canadian Patent Office until after the grant of the Canadian patent; and that the Canadian patent was actually patented to Bate on the 9th of January, 1877, and took effect on that date, although not actually delivered to the patentee until after the filing of the model. It also set forth the two Canadian judgments, and averred that, on the 30th of November, 1881, Bate made a petition to the Commissioner of Patents for Canada, for the extension of No. 6938, in which he averred that on the 9th of January, 1877, he "obtained a patent for the period of five years from the said date, for new and useful improvements on apparatus and process for ventilation, refrigeration, &c.," and that he was the holder of that patent in trust for the Bate Refrigerating Company, and prayed that it might be extended "for another period of ten years;" that, on the filing of that petition, an extension of the patent was granted, on December 12, 1881, "for a second period of five years" from January 9, 1882; that a further extension of the patent was granted, December 13, 1881, "for a third period of five years" from January 9, 1887; that the plaintiff was thereby estopped from denying the fact that No. 6938 was legally granted, January 9, 1877, for a period of five years; that by virtue of the act of 46 Victoria, c. 19, the original term for which No. 6938 was granted, was not fifteen years instead of five years; that said act can have no effect on the

duration of No. 197,314; that, by reason of the prior patenting of the invention by Bate in Canada for five years from January 9, 1877, No. 197,314, if valid at all, expired on January 9, 1882; and that, therefore, the court, sitting in equity, had no jurisdiction to hear and determine an action for its infringement.

Without the filing of any replication to this answer, the parties entered into a written stipulation, setting forth as follows: "Whereas the answer of the defendant corporation in this cause sets up, in addition to other defences, that the patent on which this suit is brought, being number 197,314, granted to John J. Bate complainant's assignor and president, on the twentieth day of November, A.D. 1877, expired on the ninth day of January, A.D. 1882, by reason of the prior grant to said John J. Bate of a patent in the Dominion of Canada for the same invention, and prays the same benefit of said defence as if the same had been pleaded to the bill of complaint; and whereas both parties desire to have said matter of defence argued and decided without incurring the great expense of taking testimony necessary to present for final hearing all the defences raised in said answer: It is, therefore, stipulated and agreed by and between the parties, that the defence above named shall be submitted to the court, as on plea set down for argument, upon the following agreed state of facts." The facts so agreed to were substantially as follows:

1. The patent in suit, No. 197,314, was granted to John J. Bate on November 20, 1877, and the application therefor was filed in the United States Patent Office, December 1, 1876; and said patent was assigned to complainant before this suit was brought, the said Bate being a citizen of the United States at the time of said application, and the said invention having been made and reduced to practice by him therein.

2. On December 19, 1876, said John J. Bate filed in the Patent Office of the Dominion of Canada an application for a patent for improvements in apparatus and processes for ventilation, refrigeration, &c., including therein, as one feature, the process described and claimed in said patent, No. 197,314.

3. In pursuance of said application the Commissioner of

Patents for the Dominion of Canada caused letters patent of the Dominion of Canada, No. 6938, for the invention set forth in said application, and granting to said John J. Bate, his executors, administrators, and assigns, the exclusive right, privilege, and liberty of making, constructing, using, and vending to others to be used, the said invention, to be signed and sealed with the seal of the Patent Office on January 9, 1877, and to be registered on January 11, 1877, and that the period of said grant expressed in said patent was five years from and after January 9, 1877.

4. On January 12, 1877, said Commissioner of Patents called upon said John J. Bate to furnish to the Patent Office a model of his said invention, and such model was furnished by said Bate on June 26, 1878, on which day said patent No. 6938 was mailed to said John J. Bate.

5. On December 5, 1881, said John J. Bate filed a petition in the Canada Patent Office, setting forth, "that on the 9th day of January, A.D. 1877, your petitioner obtained a patent for the period of five years from the said date, for new and useful improvements on apparatus and process for ventilation, refrigeration, &c.; that he is the holder of the said patent in trust for the 'Bate Refrigerating Company,' and therefore prays that it may be extended for another period of ten years."

6. On December 12, 1881, said patent No. 6938 was extended for five years from January 9, 1882, under renewal No. 13,812, and, on December 13, 1881, said patent was further extended for five years from January 9, 1887, under renewal No. 13,813, in pursuance of the above-named petition.

7. On or about July 9, 1883, and June 30, 1886, the Superior Court for Lower Canada rendered two judgments affecting said Canada patent, to the purport set forth in the plea and the answer.

The stipulation further provided, that, if the decision of the Circuit Court should be in favor of the plaintiff, it should have a reasonable time thereafter to file a replication to the answer, and the cause should proceed in the ordinary manner; that, if the Circuit Court should decide the cause in favor of

the defendant, a decree should be entered dismissing the bill, so that the plaintiff might take an appeal therefrom to the Supreme Court of the United States; and that, if the Circuit Court should decide the cause in favor of the defendant, and the Supreme Court of the United States should, on appeal, reverse that decision, the defendant should have a right to proceed in the Circuit Court, under its answer, as to all defences set up therein, except the one mentioned in the stipulation, as it might have proceeded if the stipulation had not been made.

The cause was heard on the pleadings and stipulation, and the Circuit Court entered a decree dismissing the bill, from which decree the plaintiff has appealed to this court.     The Circuit Court gave no opinion on the merits of the case, but in deciding it followed, as it stated, the decision of the Circuit Court of the United States for the District of New Jersey, held by Mr. Justice Bradley, in August, 1887, made in the case of *Bate Refrigerating Co.* v. *Gillett,* 31 Fed. Rep. 809.

*Mr. Clarence A. Seward,* with whom was *Mr. John Lowell* and *Mr. Richard N. Dyer* on the brief, opened for appellant.

*Mr. Noah Davis,* by leave of court, filed a brief on behalf of the Edison Electric Light Company, in support of appellant.

*Mr. Benjamin F. Thurston* and *Mr. George H. Lothrop* for appellee.

I. The fact that the Bate Canadian Patent was extended prior to its expiration in Canada for two further terms of five years respectively, has no effect to extend the life of the United States Bate Patent.

The "foreign patent" referred to in § 4887, the expiration of which is to affect the life of the American patent granted for the same invention, is, in contemplation of law, the *then existing* foreign patent, and not any subsequent patent to be granted to such holder of a foreign patent for such invention, either by royal favor or by the effect of acts which the

patentee may.elect to do or omit to do under the provisions of the general law.

In considering the effect of a foreign patent under § 4887, reference must be had to the statutory authority under which such patent is granted. If the statute be after the form .of the British Patent Act, then the patent is a grant *ab origine* for fourteen years, although its life may be shortened by the non-performance on the part of the patentee of conditions subsequent imposed by the act. In such case the American patent is not limited by the failure on the part of the holder of a foreign patent to perform such conditions, and for the plain reason that the foreign patent in existence at the time when the American patent was granted.was in law an existing grant for fourteen years.

Under the 17th [1] section of the Canadian Patent Act of 1872, it is not provided that patents shall issue in all cases for a term of fifteen years, with a liability to be shortened as to their duration in the event that certain conditions subsequent are not performed, but by express terms they are issued for a period of "five, ten or fifteen years, at the option of applicant," with a privilege to the patentee, before the expiration of such period, to obtain an extension for a second period, and before the expiration of such second period, to obtain an extension for a third period. The section requires that "the instrument delivered by the Patent Office for such extension of time shall be in the form which may be from time to time adopted to be attached, with reference to the patent."

Now the construction that was given to this act by the

_____

[1] 17. Patents of invention issued by the patent office-shall be valid for a period of five, ten, or fifteen years, at the option of the applicant, but at or before the expiration of the said five or ten years the holder thereof may obtain an extension of the patent for another period of five years, and after those second five years may again obtain a further extension for another period of five years, not in any case to exceed a total period of fifteen years in all; and the instrument.delivered by the patent office for such extension of time shall be in the form which may be from time to time adopted, to be attached, with reference to the patent and under the signature of the commissioner or of any other member of the privy council in the case of absence of the commissioner.

Canadian authorities has always been, up to the passage of the act, 46 Vict. c. 19,[1] May 25, 1883, that if the patentee elected to take a patent for five years, a grant should be made to him for that term only.   On the other hand, if he elected to take a patent for fifteen years, the grant was for such period.  In the present case the Bate patent, No. 6938, was expressly limited for the period of five years from its date, accompanied with the proviso that the patent should cease within that time, and at the end of two years, unless the patentee or his assignee. should have commenced and carried on the practice of the invention within the Dominion, and with the further proviso that it should cease at expiration of one year in case the patentee or his representatives should

---

[1] 1. Section 17 of " the Patent Act of 1872 " is hereby repealed, and the following is substituted therefor:

" 17. The term limited for the duration of every patent of invention issued by the patent office shall be fifteen years; but at the time of the application therefor it shall be at the option of the applicant to pay the full fee required for the term of fifteen years, or the partial fee required for the term of five years, or the partial fee required for the term of ten years.   In case a partial fee only is paid the proportion of the fee paid shall be stated in the patent, and the patent shall, notwithstanding anything therein or in this act contained, cease at the end of the term for which the partial fee has been paid, unless at or before the expiration of the said term the holder of the patent pays the fee required for the further term of five or ten years, and takes out from the patent office a certificate of such payment (in the form which may be from time to time adopted), to be attached to and to refer to the patent, and under the signature of the commissioner, or, in case of his absence, another member of the privy council; and in case such second payment, together with the first payment, makes up only the fee required for ten years, then the patent shall, notwithstanding anything therein or in this act contained, cease at the end of the term of ten years, unless at or before the expiration of such term the holder thereof pays the further fee required for the remaining five years, making up the full term of fifteen years, and takes out a like certificate in respect thereof.   Every patent heretofore issued by the patent office in respect of which the fee required for the whole or for any unexpired portion of the term of fifteen years has been duly paid, according to the provisions of the now existing law in that behalf, has been and shall be deemed to have been issued for the term of fifteen years, subject, in case a partial fee only has been paid, to cease on the same conditions on which patents hereafter issued are to cease under the operation of this section."

import or cause to be imported into the Dominion the subject for which the patent was granted.

The question whether the words "foreign patent" occurring in § 4887 could refer to any other patent for the same invention than the foreign patent then existing, was first raised in the case of *Henry* v. *The Providence Tool Co.*, 3 Ban. & Ard. Pat. Cas. 501. Mr. Justice Clifford held that the patent referred to in § 4887, which would affect the life of a subsequently obtained United States patent, was the then existing grant in Great Britain for a term of fourteen years; and that no prolongation of the patented protection for a further term would operate to extend the period of duration of the United States patent.

The next case which arose was that of *Reissner* v. *Sharp*, 16 Blatchford, 383. In that case the previous patent was one granted in Canada for a period of five years, and such Canadian patent had been duly extended for two further periods of five years each. Mr. Justice Blatchford held that the patent in this country expired with the expiration of the first term of five years, notwithstanding the fact that the patent was still alive in Canada in virtue of the procurement of two extensions for five years each.

The same doctrine has been applied in dealing with the Bate patent by Judge Nixon, in *Bate Refrigerating Co.* v. *Gillett*, 13 Fed. Rep. 553, and by Mr. Justice Bradley in his discussion of the question in the same suit, 31 Fed. Rep. 809.

We therefore submit that the fact that the Bate patent has been extended in Canada for an entirely new term, beyond the original term for which the letters patent were granted, cannot relieve the Bate patent in this country from the operation of § 4887.

II. The Bate United States patent is not relieved from the operation of § 4887 in consequence of the Canadian Statute 46 Vict. c. 19, May 25, 1883.

This act on its face purports to be "An act to amend the Patent Act of 1872," and it proceeds to execute its purpose by repealing in terms the 17th section of the former act, and substituting a new section in its place. This new law became opera-

tive when it received royal assent May 25, 1883, and the necessary implication is that prior to that date the duration of all patents previously issued in the Dominion were limited as to their duration to the periods specifically named in the grants.

We submit, however, that, upon its face, the act in question does not profess to be a declaratory act, or one which is intended to make intelligible and clear an existing ambiguous statute. So far as the defendants are advised, this act has never been declared by any Canadian tribunal to be a proper declaratory act. If the act can be so construed as to be intelligible, and furnish a remedy for the future, without the necessity of holding that it is retroactive, even in Canada, to the extent of changing the grant of a patent from five years to fifteen years, this rule of construction should be employed. It is a fundamental rule of construction of statutes wherever the English law prevails. In this case there is no necessity for resorting to any other rule. The statute is intelligible, and it can be made to apply to existing patents without holding that the Canadian Parliament had committed the solecism of declaring that an expired term of five years was in truth an unexpired term of fifteen years.

It is unnecessary, however, to pursue the argument upon the character of the legislation as regarded from a Canadian standpoint. The pertinent inquiry is — one which must not be lost sight of — what is the effect of the act, no matter how it may be interpreted in Canada, upon § 4887 of the Revised Statutes of the United States, in the application of that statute in determining the rights of the public under it

The case of *Liverpool Insurance Co.* v. *Massachusetts*, 10 Wall. 566, is directly in point; where this court held that the company was a corporation within the meaning of the statute of Massachusetts, notwithstanding that upon the highest possible judicial authority the company in England, where it was created, was declared not to be a corporation.

The contention now made by the appellant is precisely the same contention that was made before Mr. Justice Clifford in *Henry* v. *The Providence Tool Co., ubi supra.* And further, Mr. Justice Bradley, in *Bate Refrigerating Co.* v. *Gillett*, 31

Fed. Rep. 813, says: "I may say at once that I attach no importance to the last-mentioned act. The American patent received its operative force and effect on the day it was issued, and no subsequent legislation in Canada or elsewhere could change it, whatever might be the effect of such legislation where made. The force and effect of the American patent could only be affected by the Canadian patent as the latter stood when granted, and not as it was afterwards modified by legislation."

We ask now, what is the effect of the act of 46 Vict. c. 19, upon § 4887, and assume that in the event that the act in question had not been passed, the courts would have held, without question, under the authority of the cases *supra*, as determined by three independent tribunals, that the American patent to Bate expired January 9, 1882.

We are instructed by the late Mr. Justice Clifford in *Henry v. Providence Tool Co.*, that § 4887 contemplates the then existing patent grant of a foreign country. It is too plain for argument that under the statute of Canada, in force at the time when the Bate United States patent was granted, the term of the Canadian patent was expressly limited on its face to five years. The statutes of every civilized people are intended for the guidance of the people of the country under the jurisdiction of its laws. Such laws cannot be enlarged, modified, or affected by the legislation of any foreign power. The statutes are intended to be intelligible and certain on their face, for the guidance of the people subject to them, or as the same shall be made certain by the judicial interpretation of the courts within the country enacting them.

It may be pertinent to ask, what was the condition of the Bate patent in this country between January 9, 1882, and May 20, 1883, when the act of 46 Vict. c. 19, received royal assent. Beyond doubt it was not in force as a legal instrument in this country. The complainants say : "True, such was the fact according to the legal lights that existed at that time both in Canada and in this country, but it now turns out that the Canadian patent was contrary to the act of 1872, and contrary to the limitation expressed upon its face — a patent in

law for fifteen years.    The reply is: This fact, or legal intendment, whichever it may be, had no existence until May, 1883, because the supposed fact was made such by a new statute in derogation of a former statute.    Otherwise put, there was nothing to support the American patent between January 9, 1882, and May 20, 1883.    The condition of things is exactly parallel with that which existed in the case of *Henry* v. *Tool Co.*    In the last named case there was an actual interval of thirteen days which occurred between the expiration of the patent and the decision of the Queen to prolong it.    Now it cannot be said that the Bate patent, within the interval between January, 1882, and May, 1883, was in a state of suspended animation.    It was in force in this country, or inoperative, for that period.    The legislation under the effect of which it is now claimed it was in force, is *ex post facto*, so far at least as its effect upon § 4887 is concerned, and nothing can give vitality to the patent, except some special legislation of Congress which shall revivify it from the time when such special legislation is had.

III.    The fact that the Bate patent was applied for in the United States prior to the application for a patent for the same invention in Canada does not relieve the patent granted in the United States subsequent to the grant of the Canadian patent from the operation of § 4887.    As the court expressly declined to pass upon this point, it is only necessary to state it.

IV.    As to the argument that it is the policy of our Patent System to discriminate in favor of American citizens against foreigners, we submit that it is plain that whatever may have been a former policy, since the act of 1870 there is no distinction whatsoever made between citizens of the United States and foreigners as to their rights in acquiring and holding letters patent for inventions which are to promote the progress of the useful arts in this country.

Other points were argued, which, in view of the opinion of the court, it is not necessary to state.

*Mr. Edmund Wetmore, Mr. Samuel A. Duncan* and *Mr. Leonard E. Curtis,* on behalf of the United States Electric

Lighting Company; *Mr. William Bakewell* and *Mr. Thomas B. Kerr*, on behalf of the Westinghouse Electric Company; *Mr. Amos Broadnax*, on behalf of the Consolidated Electric Light Company; *Mr. Chauncey Smith, Mr. Thomas L. Livermore* and *Mr. Frederick P. Fish*, on behalf of the Thomson-Houston Electric Company; and *Mr. R. S. Taylor*, on behalf of the Fort Wayne Electric Light Company filed a brief by leave of court in support of the contention of the appellees.

*Mr. John R. Bennett*, on behalf of Gillett and Eastman, by leave of court, filed an argument in support of the position taken by the appellees.

*Mr. Chauncey Smith* also, by leave of court and by consent of appellees, argued on behalf of appellees.

*Mr. William M. Evarts* closed on behalf of appellant.

MR. JUSTICE BLATCHFORD, after stating the case as above reported, delivered the opinion of the court.

The questions discussed at the bar arise under § 4887 of the Revised Statutes, which is as follows: "No person shall be debarred from receiving a patent for his invention or discovery, nor shall any patent be declared invalid, by reason of its having been first patented or caused to be patented in a foreign country, unless the same has been introduced into public use in the United States for more than two years prior to the application. But every patent granted for an invention which has been previously patented in a foreign country shall be so limited as to expire at the same time with the foreign patent, or, if there be more than one, at the same time with the one having the shortest term, and in no case, shall it be in force for more than seventeen years."

Two propositions as to the construction of this section are contended for by the appellant: (1) that the words "first patented or cause to be patented in a foreign country" do not mean "first patented or caused to be patented" before the issuing, or granting, or date, of the United States patent, but

mean "first patented or caused to be patented" before the date of the application for the United States patent; (2) that the declaration of the section, that "every patent granted for an invention which has been previously patented in a foreign country shall be so limited as to expire at the same time with the foreign patent, or, if there be more than one, at the same time with the one having the shortest term," does not mean that the patent so granted shall expire at the same time with the term to which the foreign patent was in fact limited at the time the United States patent was granted; but that it means that it shall expire when the foreign patent expires, without reference to the limitation of the term of such foreign patent in actual force at the time the United States patent was granted.

We do not find it necessary to consider the first of these questions, because we are of opinion that the proper construction of § 4887, upon the second question, is, that the patent in the present case does not expire before January 9, 1892, the time when the Canadian patent, No. 6938, will expire.

The Canadian patent was extended for the two periods of five years each, under the provisions of § 17 of the Canadian act assented to June 14, 1872, 35 Victoria, c. 26, which was in force when the United States patent, No. 197,314, was applied for and granted, and which read as follows: "17. Patents of invention issued by the Patent Office shall be valid for a period of five, ten, or fifteen years, at the option of the applicant, but at or before the expiration of the said five or ten years the holder thereof may obtain an extension of the patent for another period of five years, and after those second five years may again obtain a further extension for another period of five years, not in any case to exceed a total period of fifteen years in all; and the instrument delivered by the Patent Office for such extension of time shall be in the form which may be from time to time adopted, to be attached, with reference to the patent and under the signature of the Commissioner or of any other member of the Privy Council in the case of absence of the Commissioner."

This statute appears to have been strictly complied with in

the present case. The Canadian patent, No. 6938, ran, on its face, for five years from January 9, 1877; and, prior to the expiration of that time, and on the 5th of December, 1881, Bate applied for its extension for ten years; and it was, before the five years expired, and on the 12th of December, 1881, extended for five years from January 9, 1882, and, on December 13, 1881, for five years from January 9, 1887. The Canadian patent, therefore, has never ceased to exist, but has been in force continuously from January 9, 1877. It was in force when No. 197,314 was issued; and it has, by virtue of a Canadian statute, in force when the application for No. 197,314 was filed, continued to be in force at all times since the latter patent was granted. This is true, although the Canadian patent, No. 6938, as originally granted, stated on its face that it was granted "for the period of five years" from January 9, 1877; and although the instrument granting the first extension of five years states that it is granted "for another period of five years, to commence and be computed on and from the ninth day of January, which will be in the year one thousand eight hundred and eighty-two;" and although the instrument granting the second extension of five years states that it is granted "for another period of five years, to commence and be computed on and from the ninth day of January, which will be in the year one thousand eight hundred and eighty-seven." By the language of § 17 of the Canadian act of 1872, what was granted under it was "an extension of the patent" —of the same patent—for a further term. Therefore the Canadian patent does not expire, and it never could have been properly said that it would expire, before January 9, 1892; and hence No. 197,314, if so limited as to expire at the same time with the Canadian patent, cannot expire before January 9, 1892.

Section 6 of the act of March 3, 1839, 5 Stat. 354, provided that a United States patent for an invention patented in a foreign country more than six months prior to the application of the inventor for the United States patent, should be limited to the term of fourteen years from the date or publication of the foreign patent. Section 25 of the act of July 8, 1870, 16

Stat. 201, provided that the United States patent for an invention " first patented or caused to be patented in a foreign country " should " expire at the same time with the foreign patent, or, if there be more than one, at the same time with the one having the shortest term; but in no case shall it be in force more than seventeen years." Section 4887 of the Revised Statutes provides, that " every patent granted for an invention which has been previously patented in a foreign country shall be so limited as to expire at the same time with the foreign patent, or, if there be more than one, at the same time with the one having the shortest term, and in no case shall it be in force more than seventeen years."

These provisions of the act of 1870 and of the Revised Statutes mean that the United States patent shall not expire so long as the foreign patent continues to exist, not extending beyond seventeen years from the date of the United States patent, but shall continue in force, though not longer than seventeen years from its date, so long as the foreign patent continues to exist. Under § 4887, although, in the case provided for by it, the United States patent may on its face run for seventeen years from its date, it is to be so limited by the courts, as a matter to be adjudicated on evidence *in pais*, as to expire at the same time with the foreign patent, not running in any case more than the seventeen years; but, subject to the latter limitation, it is to be in force as long as the foreign patent is in force.

A contrary view to this has been expressed by several Circuit Courts of the United States.

In October, 1878, in the Circuit Court for the District of Rhode Island, in *Henry* v. *Providence Tool Co.*, 3 Ban. & Ard. Pat. Cas. 501, it was held that the 25th section of the act of July 8, 1870, meant that the United States patent should expire at the same time with the original term of a foreign patent for the same invention, without regard to any prolongation of the foreign patent which the patentee might procure from the foreign government. In that case, the United States patent was granted October 10, 1871. A British patent for the same invention had been granted to the patentee on the 15th of

November, 1860, for fourteen years, and expired November 15, 1874. Thirteen days after the latter date an order was made for the extension of the British patent for four years, the extension bearing date as of the day after the expiration of the original term; but the court held that the United States patent expired on the 15th of November, 1874.

That decision was followed by the Circuit Court for the Southern District of New York, in *Reissner* v. *Sharp*, 16 Blatchford, 383, in June, 1879, which case arose under § 4887 of the Revised Statutes. In that case, the United States patent, granted October 20, 1874, for 17 years, was held to have expired on the 15th of May, 1878, because a patent was granted in Canada, under the authority of the patentee, for the same invention, on the 15th of May, 1873, for five years from that day, although in March, 1878, the Canada patent was extended for five years from the 15th of May, 1878, and also for five years from the 15th of May, 1883.

In *Bate Refrigerating Co.* v. *Gillett*, 13 Fed. Rep. 553, in the Circuit Court for the District of New Jersey, in August, 1882, and in the same suit, in the same court, in August, 1887, 31 Fed. Rep. 809, in regard to the patent in question in the present suit, and on the same facts here presented, it was held, on the strength of the two Circuit Court cases above referred to, that the United States patent expired when the original term of the Canadian patent expired.

But we are of opinion that, in the present case, where the Canadian statute under which the extensions of the Canadian patent were granted, was in force when the United States patent was issued, and also when that patent was applied for, and where, by the Canadian statute, the extension of the patent for Canada was a matter entirely of right, at the option of the patentee, on his payment of a required fee, and where the fifteen years term of the Canadian patent has been continuous and without interruption, the United States patent does not expire before the end of the fifteen years' duration of the Canadian patent. This is true although the United States patent runs, on its face, for seventeen years from its date, and is not, on its face, so limited as to expire at the same time with

the foreign patent; it not being necessary that the United States patent should, on its face, be limited in duration to the duration of the foreign patent.

In *O'Reilly* v. *Morse*, 15 How. 62, the patent to Morse was issued June 20, 1840, for fourteen years from that day, while § 6 of the act of March 3, 1839, 5 Stat. 354, was in force, which required that every United States patent for an invention patented in a foreign country should be "limited to the term of fourteen years from the date or publication of such foreign letters patent." Morse applied for his United States patent April 7, 1838. He obtained a patent in France for his invention October 30, 1838. The objection was taken in the answer that the United States patent was void on its face because not limited to the term of the French patent. The Circuit Court held that the patent was not void, but that the exclusive right granted by it must be limited to fourteen years from October 30, 1838. The same objection was urged in this court, and the same ruling was made. In *Smith* v. *Ely*, 15 How. 137, which was a suit on the same patent under the same facts, the same question arose and was decided in the same way. A full and interesting discussion of the question is to be found in *Canan* v. *The Pound Mfg. Co.*, 23 Blatchford, 173, in regard to § 4887, which contains the same word "limited" found in § 6 of the act of 1839, which word is not found in § 25 of the act of July 8, 1870, from which § 4887 was taken.

Under this view, the time of the expiration of the foreign patent may be shown by evidence *in pais*, either the record of the foreign patent itself, showing its duration, or other proper evidence; and it is no more objectionable to show the time of the expiration of the foreign patent, by giving evidence of extensions such as those in the present case, and thus to show the time when, by virtue of such extensions, the United States patent will expire.

We find in the record in this case, among the papers which it states were submitted to the court under the stipulation above referred to, a certificate of the Commissioner of Patents, dated July 3, 1883, appended to a certified copy of the United States patent, stating that the term thereof is limited so that

it shall expire with the patent obtained by the patentee in Canada, No. 6938, dated January 9, 1877, for the same invention; that the proper entries and corrections have been made in the files and records of the Patent Office; that it had been shown that the original patent had been lost; and that the certificate is made because that patent was issued without limitation, as required by § 4887 of the Revised Statutes. While it may be proper, in a case where the date of a foreign patent issued prior to the granting of a United States patent to the same patentee for the same invention is made known to the Patent Office prior to the granting of the United States patent, to insert in that patent a statement of the limitation of its duration, in accordance with the duration of the foreign patent, it does not affect the validity of the United States patent, if such limitation is not contained on its face.

It results from these views, that

*The decree of the Circuit Court must be reversed, and the case be remanded to that court, with a direction to take such further proceedings as shall be in accordance with law and with the stipulation between the parties, above referred to, and not inconsistent with this opinion.*