POHL *et al.* *v.* ANCHOR BREWING Co.

*(Circuit Court, S. D. New York. August 7, 1889.)*

PATENTS FOR INVENTIONS—LAPSE OF FOREIGN PATENT.

The "term" of a foreign patent referred to in Rev. St. U. S. § 4887, which requires letters patent issued for an invention previously patented abroad to be limited "to expire at the same time with the foreign patent," or, if there be more than one, "with the one having the shortest term," is not the original term expressed in the foreign patent, but its period of actual existence, and the United States patent expires when the foreign patent, having the shortest term, is terminated by lapse or forfeiture by failure of the patentee to comply with the requirements of the foreign patent law.

In Equity. Hearing on plea.

*Grosvenor Lowrey, Clarence A. Seward,* and *Joseph M. Duell,* for complainants.

*W. J. Townsend,* for defendant.

WALLACE, J. The bill of complaint alleges infringement by the defendant of letters patent of the United States dated March 18, 1879, for

improvement in barrel and cask scrubbing machines, granted to Carl Pohl of Dresden, Germany, upon an application filed January 3, 1879, "subject to the limitation prescribed by section 4887 of the Revised Statutes, by reason of German patent dated September 6, 1877, and French patent dated September 3, 1877." The defendant has interposed a plea averring, in substance, that both the German and the French patent were issued to Pohl for the same invention described in, and prior to his application for, the United States patent; and that the German patent lapsed, and the French patent became forfeited, prior to the commencement of the present suit, by reason of the failure of the patentee to pay the annuities and work the invention as required by the laws of Germany and France, in force when the foreign patents were granted. The plea alleges that the original term of each of the foreign patents was for 15 years. The plea has been set down for argument, and the question for determination is whether, by section 4887, Rev. St., the United States patent expired when the foreign patent having the shortest term terminated by lapse or forfeiture, or whether it does not expire until the original term of such foreign patent expires. By the section in question the patent in suit is to be limited "to expire at the same time with the foreign patent, or, if there be more than one, at the same time with the one having the shortest term." Until the decision of the supreme court in *Refrigerating Co.* v. *Hammond*, 129 U. S. 151, 9 Sup. Ct. Rep. 225, it was generally supposed that the time of expiration of this section was the time of expiration of the original term of the foreign patent, and that the duration of the United States patent was independent of the contingency that the foreign patent might cease to be an operative grant prior to the term specified on its face by the breach of a condition subsequent. This was so decided in several adjudged cases. *Paillard* v. *Bruno*, 29 Fed. Rep. 864; *Refrigerating Co.* v. *Gillett*, 31 Fed. Rep. 809; *Protective Co.* v. *Alarm Co.*, 21 Fed. Rep. 458. These decisions interpreted the statute upon considerations of public policy and convenience so imperative that it was thought they could not have been disregarded by congress, and emphasized the effect to be given to the word "term" as used in the section. It was supposed that when congress referred to the patent having the "shortest term" to define the time of expiration of the United States patent in case there should be two foreign patents, the time of expiration in all cases was the end of the term of the foreign patent; that the term of a patent meant the period of duration expressed in the patent; that in a legal sense a patent does not "expire" until its term expires; and that a construction of the section by which the duration of the United States patent should be fixed when the patent issues, by applying the rule, *id certum est quod certum reddi potest*, was the more reasonable one, and the one intended by congress. And it had been pointed out that, unless this was the true construction of the section, neither the owner of the patent nor the public would know the duration of the grant, and that the United States patent might expire, if there were two foreign patents, at the same time with the one having the longest term, notwithstanding the language of

the section that it is to expire with the one having the shortest term. The decisions of the circuit courts, which have been cited, were not referred to in the opinion of the supreme court in *Refrigerating Co.* v. *Hammond;* but other adjudications of circuit courts in construction of the section, which proceeded upon the same considerations, were distinctly disapproved. These were *Henry* v. *Tool Co.,* 3 Ban. & A. 501; *Reissner* v. *Sharp,* 16 Blatchf. 383; *Refrigerating Co.* v. *Gillett,* 13 Fed. Rep. 553,—where it had been held that the time of expiration of the United States patent was the end of the term expressed in the foreign patent, notwithstanding the prolongation of the original term was a matter of right to the patentee, and had actually been obtained by him. It is now urged for the complainants that the decision of the supreme court does not overrule or discredit the decisions of the circuit court, which were not referred to and distinctly considered in the opinion, and is to be read as merely deciding the precise question in the case, which was whether an extension of the term of a foreign patent, which by the foreign law was a matter of right to the patentee upon complying with certain conditions, prolonged the duration of the United States patent. The opinion does not discuss the reasons for the construction given to the section, but it states that the point in controversy is whether the United States patent expires "at the same time with the term to which the foreign patent was in fact limited when the United States patent was granted," or expires "when the foreign patent expires, without reference to the limitation of the term of such foreign patent in actual force at the time the United States patent was granted," and it declares that the statute means "that the United States patent shall not expire so long as the foreign patent continues to exist," and "is to·be so limited by the courts as a matter to be adjudicated on evidence *in pais,* as to expire at the same time with the foreign patent," and "is to be in force so long as the foreign patent is in force." The contention for the complainants would be justified if the opinion had suggested that the term of a foreign patent, within the meaning of the section, may be deemed either the original term expressed in the patent, or a period of duration to which its life may be prolonged as a matter of right and law in the country of its origin; or that, although a patent expires when its term expires, congress did not mean to limit the life of a United States patent to the original term of the foreign patent. But, in the absence of any such suggestion, and by the extracts which have been given, it seems plain that the supreme court has not acceded to the interpretation adopted in the previous adjudications, as well those not referred to in the opinion as those that were. The opinion cannot be reconciled with the view that the statute intends that the United States patent shall have a fixed term, ascertainable when it issues by reference to the term of a foreign patent. It does not attach any significance to the word "term," as defining the period of duration of the foreign patent or of expiration of the United States patent, but treats that period as one to be ascertained *de hors* the foreign patent, by evidence *in pais,* and without reference to any supposed inconvenience or uncertainty to the public or the patentee

which may ensue in consequence of their ignorance, whether the patent is or is not in life. The statute is capable of the meaning that the exclusive right to the invention here is to cease with the exclusive right of the patentee in any foreign country, or of the meaning that it shall continue to exist for such period, not exceeding 17 years, as coincides with the shortest term of any foreign patent. The supreme court seems to have adopted the first of these meanings. This is the view of the decision expressed in the recent case of *Huber* v. *Manufacturing Co.*, 38 Fed. Rep. 830, and is the construction of the statute adopted by the commissioner of patents shortly after the passage of the act of July 8, 1870, in which the section first appears, in *Case of Mushet*, 2 Com'rs Dec. 106. The conclusion thus reached is contrary to the impressions entertained at the argument of the plea, but a careful reading of the opinion of the supreme court constrains the conclusion that the plea must be held to be good.