EDISON ELECTRIC LIGHT Co. *v.* WESTINGHOUSE *et al.*

(*Circuit Court, D. New Jersey.* October 1, 1889.)

PATENTS FOR INVENTION—DURATION.
Under Rev. St. U. S. § 4887, providing that every patent for an invention previously patented in a foreign country shall be so limited as to expire when the foreign patent does, not to exceed 17 years in any event, where a complaint, in a bill for infringing a patent for an invention previously patented in a foreign country, alleges that the foreign patent is still in full force, and the answer alleges that it had expired before suit brought, the duration of the patent is a matter to be adjudicated by the courts on evidence *in pais.*

In Equity. Bill for infringement of letters patent.
*John C. Tomlinson* and *C. A. Seward,* for complainant.
*Wm. Bakewell* and *Samuel A. Duncan,* for defendants.
Before McKENNAN and WALES, JJ.

PER CURIAM. The bill filed in this case is for an infringement of letters patent No. 264,642, dated September 19, 1882, granted to the complainant, as assignee of Thomas A. Edison, who was the original applicant therefor,—inventor of the improvement therein described. The defendant has pleaded that a patent for the same invention had been issued to the said Thomas A. Edison by the Austro-Hungarian

government on the 3d day of February, 1881, for the term of one year, and that a subsequent grant was made extending the term of the last-mentioned patent for a new term of one year, which expired on the 3d day of February, 1883; that this extended Austro-Hungarian patent was existing and unexpired when the patent in suit was granted, and that the term thereof expired on the 3d day of February, 1883, and before the commencement of this suit, and thereby the said Austro-Hungarian patent then expired, within the meaning of section 4887 of the Revised Statutes; and that, by reason of the premises, the patent sued on had expired by operation of law prior to the bringing of this suit; and that this court has no jurisdiction, and ought not to entertain jurisdiction, of this suit, the plaintiff having a complete and adequate remedy at law. This is the substance of the plea, and it has been set down for argument by the plaintiff. The bill alleges that the Austro-Hungarian patent has not expired; that it was granted for the term of 15 years from its date, and is now in full force and effect. The question thus presented covers the proper meaning and construction of section 4887 of the Revised Statutes, and has recently been decided by the supreme court of the United States in the case of *Refrigerating Co.* v. *Hammond*, 129 U. S. 151, 9 Sup. Ct. Rep. 225, where the court held that "under section 4887, although, in the case provided for by it, the United States patent may on its face run for seventeen years from its date, it is to be so limited by the courts, as a matter to be adjudicated on evidence *in pais*, as to expire at the same time with the foreign patent, not running in any case more than the seventeen years; but, subject to the latter limitation, it is to be in force as long as the foreign patent is in force." This is decisive against the sufficiency of the defendants' plea in this case. Hence it must be ordered that the defendants' plea stand as an answer, or part of an answer, to the plaintiff's bill.