EDISON ELECTRIC LIGHT CO. *v.* PERKINS ELECTRIC LAMP CO., (two cases.    Nos. 655, 656.)

*(Circuit Court, D. Connecticut.    May 20, 1890.)*

PATENTS—FOREIGN INVENTIONS—DURATION OF RIGHT.

Rev. St. U. S. § 4887, provides that "every patent granted for an invention which has been previously patented in a foreign country shall be so limited as to expire at the same time with the foreign patent." *Held* that, where a foreign statute, under which a foreign patent has been extended, was in force at the time a United States patent for the same invention was applied for and issued, and where by such statute the extension of the foreign patent was, in the absence of unfulfilled conditions, a matter entirely of right, at the option of the patentee, on his payment of a required fee, and such fee has been accepted by the foreign government, and the patent extended, the United States patent does not expire until the expiration of such extension, though the foreign patent, before the extension was granted, had lapsed by the non-observance or the happening of a subsequent condition prescribed by the statute.

In Equity.

*Eugene H. Lewis,* for plaintiff.

*E. D. Robbins* and *Edmund Wetmore,* for defendant.

SHIPMAN, J.    These causes are in equity, for alleged infringement of letters patent.    The questions now at issue arise upon the defendant's pleas, which the plaintiff has set down for argument.

The bill in equity in No. 655 avers that the letters patent upon which the suit is based were dated January 27, 1880; that a previous Canadian patent for the same invention was granted for the term of 15 years from its date; that said term has not expired; and that the same is in full force and effect.    The plea in that case alleges that the Canadian patent was granted on November 17, 1879; that said Canadian patent was originally granted for the term of five years, with the privilege of extending the same, after the expiration of the said period, upon the payment of a further fee; that it bore upon its face its liability to be terminated before the expiration of five years by the non-observance of two conditions subsequent, similar to those which are recited in *Pohl* v. *Brewing Co.*, 10 Sup. Ct. Rep. 577; and that said two conditions were not fulfilled.    Its actual attempted extension by the Canadian government is not denied.    The plea further alleges that during said period of five years the Canadian patent expired by virtue of the expiration of a subsequent Swedish patent for the same invention, and that the Canadian patent was incapable, under the law of Canada, of extension beyond said original term of five years; and that any attempt to extend the same by any officer of the Canadian government was void, and of no effect.    It is understood that the Swedish patent was issued after the date of the United States patent, and that the Canadian statute of 1872 in regard to the extension of patents by payment of fees, which is recited in the *Bate Case*, is the statute under which the Canadian patent was issued.

In *Bate Refrigerating Co.* v. *Hammond*, 129 U. S. 151, 9 Sup. Ct. Rep. 225, it was held that—

"Where the Canadian statute, under which the extensions of the Canadian patent were granted, was in force when the United States patent was issued, and also when that patent was applied for, and where, by the Canadian statute, the extension of the patent for Canada was a matter entirely of right, at the option of the patentee, on his payment of a required fee, and where the fifteen-years term of the Canadian patent has been continuous and without interruption, the United States patent does not expire before the end of the fifteen-years duration of the Canadian patent."

This decision, being confined to the facts which are therein stated, does not control the present case. In *Pohl* v. *Brewing Co.*, 10 Sup. Ct. Rep. 577, (decided at the October term, 1889, of the supreme court,) it was held that a patent of the United States subject to the limitations prescribed by section 4887,[1] by reason of a previous German and a previous French patent, did not expire prior to the expiration of the 15 years for which the German patent was issued, although each of said patents had theretofore expired by virtue of the operation of conditions subsequent which, by the law of the respective countries, made said respective foreign patents void. The court says "there is nothing in the statute which admits of the view that the duration of the United States patent is to be limited by anything but the duration of the legal term of the foreign patent in force at the time of the issuing of the United States patent, or that it is to be limited by any lapsing or forfeiture of any portion of the term of such foreign patent by means of the operation of a condition subsequent according to the foreign statute," and furthermore construes the words in section 4887, "having the shortest term," to mean the foreign patent which, at the time the United States patent is granted, has then the shortest term to run, irrespective of the fact that the foreign patent may afterwards lapse or become forfeited by the nonobservance of a condition subsequent prescribed by the foreign statute. The facts in this case are not the same with those in the *Pohl Case*, because the French and German patents were on their face for the term of 15 years. It is said in the plea that the Canadian patent was for the term of five years, with the privilege of renewing the same, upon the payment of a fee, for a further term, and that, previous to the expiration of the first five years, it had expired by means of the provisions of the Canadian statute, and therefore could not be renewed, and that two of these conditions subsequent were expressed upon the face of the patent.

Aided by such light as the decisions which I have quoted furnish, I am of opinion that, when the Canadian statute under which the extensions of the Canadian patent were granted, or attempted to be granted, was in force when the United States patent was issued, and when it was applied for, and when, by the Canadian statute, the extension of the patent for Canada was, in the absence of unfulfilled conditions, a matter entirely of right, at the option of the patentee, on his payment of a required fee, and when the 15-years term of the Canadian patent has been, by the affirmative action of the government in apparently renewing the

[1] Rev. St. U. S. § 4887, provides that "every patent granted for an invention which has been previously patented in a foreign country shall be so limited as to expire at the same time with the foreign patent."

patent, continuous and uninterrupted, the United States patent does not expire before the end of the 15-years duration of the Canadian patent, although the Canadian patent, before the expiration of the first five years, may have lapsed or become forfeited by the non-observance of a condition subsequent, or by the happening of a subsequent condition, prescribed by the statute of Canada. If the Canadian government has in fact accepted the renewal fee, and renewed the patent for a continuous and uninterrupted period of 15 years, as though the subsequent conditions had been complied with, the United States patent has not expired before the expiration of said 15 years. I am confirmed in the construction which I have given by the hardship of a construction which should compel the life of United States patents to be determined by the operation of conditions subsequent in prior foreign patents which may secretly affect, or be claimed to affect, the life of such foreign patents, although they are apparently, upon their face, in full force, and have apparently been uninterruptedly continued in existence by the government which granted them.

In No. 656 the dates of the respective patents differ from those in No. 655. The plea in No. 656 sets up, *mutatis mutandis*, the facts which have been heretofore stated, omitting those in regard to the Swedish patent. I understand the facts to be substantially those of the *Pohl Case*, except that in the plea the conditions subsequent are alleged to be stated upon the face of the Canadian patent. I do not regard this as a vital difference. The pleas are overruled, and the defendant will answer in 30 days.