## SPROULL v. PRATT & WHITNEY CO.

(Circuit Court, S. D. New York.   April 25, 1900.)

PATENTS—CONSTRUCTION OF LICENSE—ROYALTIES.

The presumption must be, in the absence of express language to the contrary, that royalties payable under a license are intended to expire with the patents; and a contract by which the licensee agreed to manufacture and to pay royalties under a number of patents relating to the same art, and expiring at different times, should not be so construed as to require him to pay the same royalty after all the patents but one have expired, when only a very small portion of the goods thereafter manufactured were covered by the remaining patent, and they were capable of being separately used, and were ordinarily sold for separate use, which fact must have been known to the contracting parties.

Suit in equity for an accounting and the recovery of royalties under a license to manufacture under certain patents.

J. Edward Ackley and Paul N. Turner, for complainant.
Saunders, Webb & Worcester, for defendant.

TOWNSEND, District Judge. The original opinion herein will be found in 97 Fed. 807. Of the four patents involved herein one expired in 1891, one in 1892, and one will expire in 1905. The fourth was dated November 21, 1882, and the question has arisen whether it expired on February 17, 1895, or November 21, 1899. The Canadian patent for the same invention expired February 17, 1895. I do not understand that complainant seriously claims that this patent did not expire on the earlier date, and I decide accordingly. Bate Refrigerating Co. v. Hammond Co., 129 U. S. 151, 9 Sup. Ct. 225, 32 L. Ed. 645. Defendant paid royalties on all these patents up to March 31, 1894. The report of the master, as well as the evidence taken before him, has satisfied me that the articles made under these various patents could readily be separately used, and are ordinarily sold for separate use, and that this fact must have been known to the contracting parties, especially in view of the fact that there is a period of 14 years between the dates of the first and last patent, and that in a majority of the cases they were so used after having been bought, and it is admitted that the sales for the period covered by the account, as far as the character of the sales and of the articles sold separately or together are concerned, is a fair sample of the sales from the whole period from 1888. Since the expiration of the punch patent in 1895, less than 6 per cent. of the articles on which royalties are claimed are covered by the patents. During the five years or more covered by the accounting, only six of the machines sold, of the

value of $286, have been of such character that they could be used conjointly with the couplers and punches, while more than $1,500 worth of such machines has been sold on which a royalty is claimed, but which could not be conjointly used with the couplers and punches. This situation is very different from that supposed to exist when the former opinion was written. In regard to the vast majority of sales the principle of the decision in Wales v. Manufacturing Co. (C. C. A.) 101 Fed. 126, does not apply. The articles were not united and then sold, and there is no reason to suppose that the sale of the patented articles caused the sale of the others. Out of the more than $19,000 worth of goods on which royalty is claimed not more than $50 worth of goods covered by the patents appear to have been sold conjointly with the machines. The presumption must be, in the absence of express language to the contrary, that royalties are intended to expire with the patents. In these circumstances I think it ought not to be held that the parties intended that the same royalty should continue after the expiration of these patents, when only a very small portion of the goods manufactured remained covered by the patents. A decree may be entered for complainant.