JOHN R. WILLIAMS CO. et al. v. MILLER, DU BRUL & PETERS
MFG. CO.

(Circuit Court, S. D. New York. February 11, 1902.)

**1.** PATENT—TERM—LIMITATION BY FOREIGN PATENT.
The fact that an applicant for a patent assigned his right thereto
to another before applying for and obtaining a foreign patent for the
invention, which was issued before the one in this country, will not
prevent the latter from being limited to the term of the foreign patent
under Rev. St. § 4887, as such section stood in 1885.

**2.** SAME—MACHINE FOR CUTTING CIGAR WRAPPERS.
The Hammerstein patent, No. 315,408, for a machine for cutting cigar
wrappers, expired with the British patent, No. 6,311, granted February
19, 1884, to the inventor for the same invention, to run for 14 years.

In Equity. Suit for infringement of letters patent No. 315,408,
issued April 7, 1885, to Oscar Hammerstein, for a machine for cutting
cigar wrappers. On rehearing.

For former opinions, see 107 Fed. 290; 108 Fed. 967.

Charles C. Gill, for plaintiffs.
E. M. Marble and E. E. Wood, for defendant.

WHEELER, District Judge. The term of patent No. 315,408,
dated April 7, 1885, and granted to Oscar Hammerstein, assignor to
William Eggert, trustee, is affected by British patent No. 6,311, dated
February 19, 1884, and granted to him for the same invention. He
had made application for this patent July 10, 1883, and assigned his
right to it to Malvina Hammerstein, July 17, 1883; and this right
was outstanding at the time when the British patent was applied for,
and when it was granted. This outstanding right is relied upon to
defeat the effect of the British patent upon the term of this one. The
statute then in full force provided (section 4887, Rev. St.) that:

"Every patent granted for an invention which has been previously
patented in a foreign country shall be so limited as to expire at the same
time with the foreign patent, or, if there be more than one, at the same
time with the one having the shortest term, and in no case shall it be in
force more than seventeen years."

A patent granted under this statute would be limited in time to the
expiration of a previous foreign patent, as if that was written in for its
term, although on its face it should appear to be for 17 years. Re-
frigerating Co. v. Hammond, 129 U. S. 151, 9 Sup. Ct. 225, 32 L. Ed.
645. The outstanding assignment was of a mere equitable title to
such a patent as the assignor might obtain, which turned out to be one
that would expire with the British patent. No case is cited or known
that holds this statute applicable only to an inventor who has always
kept the whole title, legal or equitable, to his invention. The strongest
one in favor of the plaintiff, and most relied upon, is Hobbs v. Beach,
180 U. S. 383, 21 Sup. Ct. 409, 45 L. Ed. 586. That merely holds
that an intermeddler claiming the invention adversely to the inventor
could not limit the true inventor's United States patent by obtaining a
foreign patent. The change in the law since does not authorize any

change in the construction of the law as it existed before on account of any supposed hardship of the former law.

Bill dismissed as to this patent.