## DIAMOND MATCH CO. v. ADIRONDACK MATCH CO. et al.

(Circuit Court, D. Vermont. January 31, 1895.)

PATENTS—DURATION—FOREIGN PATENTS.

Under Rev. St. § 4887, providing that patents shall be so limited as to expire with any foreign patent for the same invention "having the shortest term," the United States patent does not cease when a foreign patent ceases because of nonpayment of patent office fees for more than a part of the term for which the patent might, on payment of all the fees, remain in force.

Suit by the Diamond Match Company against the Adirondack Match Company and others.

J. W. Russell, for orator.
Hamilton S. Peck, for defendants.

WHEELER, District Judge. This bill is brought upon letters patent of the United States, No. 313,064, dated March 3, 1885, and granted to Ezra B. Eddy, George H. Millin, and Edward Mousseau, of the dominion of Canada, for an improvement in apparatus for dipping matches. The defendants have pleaded section 19 of the Canadian statute of 46 Vict., of May 25, 1883, which provides that:

"The term limited for the duration of every patent of invention issued by the patent office shall be fifteen years, but at the time of the application therefor it shall be at the option of the applicant to pay the full fee required for the term of fifteen years or the partial fee required for the term of five years or the partial fee required for the term of ten years. In case a partial fee only is paid, the proportion of the fee paid shall be stated in the patent and the patent shall notwithstanding anything therein or in this act contained cease at the end of the term for which the partial fee has been paid unless at or before the expiration of the said term the holder of the patent pays the fee required for the further term of five or ten years and takes out from the patent office a certificate of such payment (in the form which may be from time to time adopted) to be attached to and refer to the patent."

—That letters patent of the dominion of Canada, No. 20,572, dated November 13, 1884, were granted to the same inventors for the same invention under that statute, subject to the conditions of that act, and to the option of the applicants contained in the patent for the payment of the full fee for the term of fifteen years, or a partial fee for a term of five or ten years, and that a partial fee for five years only has ever been paid, wherefore the Canadian patent expired on November 13, 1889; and they say that for that cause the patent of the United States expired at the same time. This plea has now been argued, and Bate Refrigerating Co. v. Hammond Co., 129 U. S. 151, 9 Sup. Ct. 225, has been much relied upon in argument to support it. The patent in question there was issued in January, 1877, for five years, under, and conformed to, the Canadian statute of 35 Vict., of June 14, 1872, which provided:

"(17) Patents of invention issued by the patent office shall be valid for a period of five, ten, or fifteen years, at the option of the applicant, but at or before the expiration of the said five or ten years the holder thereof may obtain an extension thereof for another period of five years, and after those second five years may again obtain a further extension for another period of five years, not in any case to exceed a total period of fifteen years in all;"

—And was kept in force five years at a time for fifteen years. The United States patent was issued during the first five years, and the question was whether it would expire at the end of that five years. It was held not to have been extinguished by any expiration of the Canadian patent then, because that patent did not expire then. Whether it would have expired if the Canadian patent had been left to expire then was not in question. This decision was explained in Pohl v. Brewing Co., 134 U. S. 381, 10 Sup. Ct. 577, by saying (page 386, 134 U. S., and page 579, 10 Sup. Ct.):

"The ground of this conclusion was that the 'term' of the Canadian patent granted in January, 1877, was, by the Canadian statute, at all times a term of fifteen years' duration, made continuous and uninterrupted by the action of the patentee, as a matter entirely of right, at his own option."

A French and a German patent were in question, each of which had been granted for 15 years, but might, and did, expire for non-payment of annuities, or not being worked; and such expiration was held not to limit the United States patent for the same invention, granted afterwards, because the term of time of a foreign patent would be the same although it might be suffered to lapse or become forfeited. The term of the foreign patent seems to be the space of time during which the monopoly is placed within the patentee's control, without reference to whether he sees fit to retain it for the whole time or not. Therefore the provision of section 4887 of the Revised Statutes that patents shall be so limited as to expire with any foreign patent for the same invention "having the shortest term," seems to mean the expiration of such term of the foreign monopoly as the patentee is by the grant of the foreign patent given power over and control of. By the Canadian statute now in force the term limited for the duration of this monopoly was 15 years, which has yet several years to run. The patent in suit appears to have the same time to run. Plea overruled, the defendants to answer over by March rule day.