## POHL *v.* ANCHOR BREWING CO.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR
THE SOUTHERN DISTRICT OF NEW YORK.

No. 1269. Submitted January 10, 1890. — Decided March 24, 1890.

Under § 4887 of the Revised Statutes, which provides that " every patent
granted for an invention which has been previously patented in a foreign
country shall be so limited as to expire at the same time with the foreign
patent, or, if there be more than one, at the same time with the one hav-
ing the shortest term, and in no case shall it be in force more than sev-
enteen years," a United States patent runs for the term for which the
prior foreign patent was granted, without reference to whether the lat-
ter patent became lapsed or forfeited in consequence of the failure of
the patentee to comply with the requirements of the foreign patent law.
The case of *Bate Refrigerating Co.* v. *Hammond,* 129 U. S. 151, explained.

IN EQUITY. The case is stated in the opinion.

*Mr. Grosvenor Lowrey, Mr. B. F. Thurston, Mr. Clarence
A. Seward* and *Mr. J. M. Deuel* for appellants.

*Mr. Noah Davis* for Edison Electric Light Company.

*Mr. William J. Townsend* for appellee.

MR. JUSTICE BLATCHFORD delivered the opinion of the court.

This is a suit in equity, brought on the 16th of April, 1889,
in the Circuit Court of the United States for the Southern
District of New York, by Carl Pohl and Charles Zoller
against the Anchor Brewing Company, a corporation, for the
infringement of letters patent, No. 213,447, granted March 18,
1879, on an application filed January 3, 1879, to Carl Pohl,
for an " improvement in barrel and cask-scrubbing machines."

The patent is granted on its face for the term of seventeen
years from March 18, 1879, " subject to the limitation pre-
scribed by sec. 4887, Rev. Stats., by reason of German patent
dated September 6, 1877, and French patent dated September

3, 1877." It appears, by translations into English of the German and French patents, annexed to the bill, that the German patent began to run September 6, 1877, and its longest duration was until December 12, 1891, and that the French patent began to run from September 3, 1877, and ran for fifteen years.

The defendant put in a plea to the bill, setting forth that, at the time when Pohl applied for the United States patent, and at the time it was issued, he was a citizen of the empire of Germany; that, on the 6th of September, 1877, a German patent was issued to him for the same invention, for the term of fifteen years; that, under the German patent law of May 25, 1877, he was required to pay certain annuities on the German patent, and to work the invention in the empire of Germany in the manner and for the term specified by that law; that in default thereof, the term of the German patent would expire, and the rights and privileges of the patentee under it would become forfeited and cease; that Pohl neglected and failed to pay the annuities, and to work the invention in the empire of Germany in the manner and time required by that law, whereby and under the provisions of that law the German patent became forfeited in 1880, and the term thereof expired; that, by reason thereof, and under the provisions of section 4887 of the Revised Statutes, the United States patent expired and the term thereof ended in 1880, and prior to the commencement of this suit, and, at the time it was brought, the plaintiff had no title to the patent and no rights under it; that, on the 3d of September, 1877, a patent was issued to Pohl for the same invention by the proper authorities of the government of France, for the term of fifteen years, and subject to the provisions of the French patent law of July 5, 1844; that, under those provisions, a patentee who failed to pay his annuity as required by that law, before the beginning of each year of the duration of his patent, or who failed to put his invention in working order in France within two years from the signature of the patent, or who ceased such working during two consecutive years, would forfeit all right under the patent; that Pohl neglected and failed to pay his annuity as required by such law, and failed to put his alleged invention in working

order in France within two years from the signature of the patent, and ceased such working during two consecutive years, whereby, under the provisions of the French patent law, the French patent was forfeited and the time and term thereof expired, and the rights of Pohl thereunder ceased; and that, under the provisions of section 4887 of the Revised Statutes, the United States patent expired and the term thereof ended prior to the commencement of this suit, and at that time the plaintiffs had no title to the patent and no exclusive rights thereunder.

The plea was set down for argument, and the Circuit Court, held by Judge Wallace, sustained the plea and dismissed the bill.   To review that decree the plaintiffs have appealed.

Section 4887 of the Revised Statutes, on which the question involved in this case arises, reads as follows : "No person shall be debarred from receiving a patent for his invention or discovery, nor shall any patent be declared invalid, by reason of its having been first patented or caused to be patented in a foreign country, unless the same has been introduced into public use in the United States for more than two years prior to the application.   But every patent granted for an invention which has been previously patented in a foreign country shall be so limited as to expire at the same time with the foreign patent, or, if there be more than one, at the same time with the one having the shortest term, and in no case shall it be in force more than seventeen years."   The particular question involved is as to the meaning of the language of the second paragraph of the section.

The United States patent in the present case, granted March 18, 1879, was granted for an invention which had been patented previously, in September, 1877, in Germany and in France.   It must be, therefore, by the terms of section 4887, so limited as to expire at the same time with that one of the two patents, German and French, "having the shortest term." The German patent on its face appears to have been granted for a term extending from September 6, 1877, to December 12, 1891; and the French patent for a term extending for fifteen years from September 3, 1877, that is, until September 3,

1892. If the United States patent does not expire until the end of the term expressed on the face of that one of the two patents, German and French, which has the shortest term so expressed on its face, it does not expire until the end of the term so expressed on the face of the German patent, namely, December 12, 1891; and so it had not expired when this suit was commenced, and has not yet expired. On the other hand, if it expired when the German patent became forfeited by reason of the facts alleged in the plea in regard to it, or when the French patent became forfeited by reason of the facts alleged in the plea in regard to it, the United States patent expired prior to the commencement of this suit.

The opinion of the Circuit Court in the present case, 39 Fed. Rep. 782, proceeded upon the view that the "term" of the foreign patent, referred to in section 4887 was not the original term expressed in it, but its period of actual existence; and that the United States patent expired when the foreign patent having the shortest term was terminated by its lapsing or becoming forfeited in consequence of the failure of the patentee to comply with the requirements of the foreign patent law. The Circuit Court regarded the decision of this court in *Bate Refrigerating Co.* v. *Hammond*, 129 U. S. 151, made in January, 1889, as requiring such decision.

The question involved in the present case has been decided by several of the Circuit Courts.

In *Holmes Electrical Protective Co.* v. *Metropolitan Burglar Alarm Co.*, 21 Fed. Rep. 458, in the Circuit Court for the Southern District of New York, in August, 1884, it was held by Judge Wheeler, that section 4887 meant that the term of the United States patent should be as long as the remainder of the term for which the foreign patent was granted, without reference to incidents occurring after the grant of the foreign patent; that that section referred to the fixing of the term of the foreign patent, and not to the keeping of it in force; and that the term of the United States patent was not affected by the fact that a prior English patent had been suffered to lapse by the non-payment of a tax.

In *Paillard* v. *Bruno*, 29 Fed. Rep. 864, in the Circuit

Court for the Southern District of New York, in December, 1886, it was held by Judge Wallace that, under section 4887, a United States patent, for an invention which had been patented previously in England for the term of fourteen years, did not expire until fourteen years from the date of the English patent, notwithstanding the grant of the latter patent had terminated by the failure of the patentee to pay a stamp duty required to be paid as a condition of the continuance of the grant beyond the term of three years.

In *Bate Refrigerating Co.* v. *Gillett*, 31 Fed. Rep. 809, in the Circuit Court for the District of New Jersey, in August, 1887, before Mr. Justice Bradley, it was held that where an English patent was granted for a term certain, provided that if the patentee should not pay a stamp duty within a certain time, the patent should cease and determine, a United States patent afterwards granted for the same invention was not affected by a forfeiture of the foreign patent subsequently incurred by a failure to perform such condition; that the term of the English patent fixed the term of the United States patent; that the subsequent fate of the English patent had no effect upon the United States patent; and that the life of each, after its inception, proceeded independently of the life of the other. As authority for this view, Mr. Justice Bradley cited the cases above referred to, of *Holmes Electrical Protective Co.* v. *Metropolitan Burglar Alarm Co.* and *Paillard* v. *Bruno*.

Prior to the decision of the Circuit Court in the present case, and in May, 1889, in *Huber* v. *Nelson M'f'g Co.*, 38 Fed. Rep. 830, in the Circuit Court for the Eastern District of Missouri, before Judge Thayer, it was held that a United States patent, granted after an English patent for the same invention had lapsed and become void by reason of the nonpayment of a stamp duty, was granted without authority of law. This decision was made on the interpretation which the court gave to the case of *Bate Refrigerating Co.* v. *Hammond*.

But we think that the question involved in the present case is not the same as that decided in *Bate Refrigerating Co.* v.

*Hammond*, and is not controlled by the decision in that case. There, a United States patent was granted in November, 1877, for seventeen years. A patent for the same invention had been granted in Canada to the same patentee for five years from January, 1877. The Canadian patent was, in December, 1881, extended for five years from January, 1882, and also for five years from January, 1887, under a Canadian statute passed in 1872. The question involved was whether, under section 4887, the United States patent expired in January, 1882, or in January, 1892. This court, limiting itself to the precise question involved, said that it was " of opinion that, in the present case, where the Canadian statute under which the extensions of the Canadian patent were granted, was in force when the United States patent was issued, and also when that patent was applied for, and where, by the Canadian statute, the extension of the patent for Canada was a matter entirely of right, at the option of the patentee, on his payment of a required fee, and where the fifteen years' term of the Canadian patent has been continuous and without interruption, the United States patent does not expire before the end of the fifteen years' duration of the Canadian patent." This was said on the view, expressed elsewhere in the opinion, that the Canadian patent did not expire, and it never could have been said properly that it would expire, before January, 1892. The ground of this conclusion was that the "term" of the Canadian patent granted in January, 1877, was by the Canadian statute at all times a term of fifteen years' duration, made continuous and uninterrupted by the action of the patentee, as a matter entirely of right, at his own option.

By parity of reasoning, as applied to the present case, section 4887 requires that the United States patent shall be so limited as to expire at the same time with the term limited by the foreign patent issued prior to the issuing of the United States patent, having then the shortest time to run. There is nothing in the statute which admits of the view that the duration of the United States patent is to be limited by anything but the duration of the legal term of the foreign patent in force at the time of the issuing of the United States patent, or

that it is to be limited by any lapsing or forfeiture of any portion of the term of such foreign patent, by means of the operation of a condition subsequent, according to the foreign statute. In saying that "every patent granted for an invention which has been previously patented in a foreign country shall be so limited as to expire at the same time with the foreign patent," the statute manifestly assumes that the patent previously granted in a foreign country is one granted for a definite term; and its meaning is, that the United States patent shall be so limited as to expire at the same time with such term of the foreign patent. Such term was held, in *Bate Refrigerating Co.* v. *Hammond,* to be fifteen years and not five years.

This view is made conclusive by the requirement of section 4887, that if there be more than one prior foreign patent, the United States patent shall be so limited as to expire at the same time with that one of such foreign patents "having the shortest term." This means the foreign patent which, at the time the United States patent is granted, has then the shortest term to run, irrespective of the fact that the foreign patent may afterwards lapse or become forfeited by the non-observance of a condition subsequent prescribed by the foreign statute.

In the view that section 4887 is to be read as if it said that the United States patent is to be so limited as to expire at the same time with the expiration of the term of the foreign patent, or if there be more than one, at the same time with the expiration of the term of the one having the shortest term, the interpretation we have given to it is in harmony with the interpretation of the words "expiration of term" in analogous cases. *Oakley* v. *Schoonmaker,* 15 Wend. 226; *Beach* v. *Nixon,* 9 N. Y. 35; *Farnum* v. *Platt,* 8 Pick. 338. In those cases it was held that the words "expiration of term" do not mean expiration of term through a forfeiture by breach of a condition, but mean expiration by lapse of time.

*The decree of the Circuit Court is reversed, and the case is remanded to that court with a direction to overrule, with costs, the plea of the defendant, to assign it to answer the bill, and to take such further proceedings as shall not be inconsistent with the opinion of this court.*