WELSBACH LIGHT CO. v. APOLLO INCANDESCENT GASLIGHT CO.
et al.

(Circuit Court of Appeals, Second Circuit. April 4, 1899.)

No. 107.

1. PATENTS—LAPSE OF FOREIGN PATENT FOR SAME INVENTION.

Under Rev. St. § 4887, the fact that a foreign patent has lapsed for the nonpayment of an annuity pending an application for a United States patent for the same invention does not render the latter patent void when issued, but it will remain in force to the end of the term prescribed in such foreign patent.

2. SAME—INCANDESCENT MANTLES.

The Rawson patent, No. 407,963, for improvements in incandescent mantles for gaslights, is not void because of the lapse, for want of payment of an annuity, of a previous French patent for the same invention, pending the application for the United States patent.

Appeal from the Circuit Court of the United States for the Southern District of New York.

Letters patent No. 407,963, dated July 30, 1889, issued to Frederick L. and William Stepney Rawson, for improvements in the "production of incandescent mantles," were sustained by Judge Townsend in the suit of The Complainant v. Sunlight Incandescent Lamp Co., 87 Fed. 221. A bill in equity against the present defendant for the infringement of the same patent was subsequently brought in the Southern district of New York, and a motion for a preliminary injunction, which was based upon the prior adjudication, was heard before Judge Lacombe. The defendant's affidavits disclosed as new matter that the Rawson application was filed August 21, 1888; that French letters patent had been issued for the same invention to the same inventors for the term of 15 years on November 2, 1887, and had lapsed at the expiration of 1 year for the nonpayment of an annuity then due, and, consequently, before the issuance of the United States patent on July 30, 1889. The question of the effect upon the patent in suit of this lapse of a prior foreign patent was one of novelty, which Judge Lacombe thought ought not to be answered upon preliminary motion, which he therefore denied. 94 Fed. 1005. This appeal is from that order.

John R. Bennett, for appellant.

Edmund Wetmore, for appellees.

Before WALLACE and SHIPMAN, Circuit Judges.

SHIPMAN, Circuit Judge (after stating the facts as above). The French patent for a term of 15 years was issued before the date of the application for the United States patent for the same invention, and was in full force at that date, but lapsed for the nonpayment of an annuity before the United States patent issued. The effect which the lapse had upon the life of the United States patent depends upon the proper construction of section 4887 of the Revised Statutes, which was the section in force when the patent was issued, and which was as follows:

"Sec. 4887. No person shall be debarred from receiving a patent for his invention or discovery, nor shall any patent be declared invalid by reason of its having been first patented or caused to be patented in a foreign country unless the same has been introduced into public use in the United States for more than two years prior to the application. But every patent granted for an invention which has been previously patented in a foreign country shall

be so limited as to expire at the same time with the foreign patent, or, if there be more than one, at the same time with the one having the shortest term, and in no case shall it be in force more than seventeen years."

No one of the five decisions of the supreme court which may be supposed to bear upon a decision of this motion was based upon the facts of this case.   In Bate Refrigerating Co. v. Hammond, 129 U. S. 151, 9 Sup. Ct. 225, the application for the United States patent was filed December 1, 1876, and the patent was issued on November 20, 1877. A Canadian patent had been issued for five years from January 9, 1877, and, in pursuance of Canadian law, was extended without interruption for two terms of five years each.   The question being whether the United States patent expired at the end of five years or of fifteen years from its date, the supreme court said:

"We are of opinion that in the present case, where the Canadian statute under which the extensions of the Canadian patent were granted was in force when the United States patent was issued, and also when that patent was applied for, and where, by the Canadian statute, the extension of the patent for Canada was a matter entirely of right, at the option of the patentee, on his payment of a required fee, and where the fifteen years' term of the Canadian patent has been continuous and without interruption, the United States patent does not expire before the end of the fifteen years' duration of the Canadian patent.   This is true although the United States patent runs, on its face, for seventeen years from its date, and is not, on its face, so limited as to expire at the same time with the foreign patent; it not being necessary that the United States patent should, on its face, be limited in duration to the duration of the foreign patent."

In Pohl v. Brewing Co., 134 U. S. 381, 10 Sup. Ct. 577, letters patent of the United States had been issued March 18, 1879, upon application filed in the preceding January.   German letters patent for the same invention had been issued to the same inventor in September, 1877, which could run until December, 1891, but became forfeited in 1880 for neglect to pay the required annuities, and a French patent for the same invention began to run from September, 1877, for 15 years, but expired in 2 years by reason of the same neglect.   The supreme court held that the potential term, and not the period of actual existence, was to govern, and said:

"There is nothing in the statute which admits of the view that the duration of the United States patent is to be limited by anything but the duration of the legal term of the foreign patent in force at the time of the issuing of the United States patent, or that it is to be limited by any lapsing or forfeiture of any portion of the term of such foreign patent, by means of the operation of a condition subsequent, according to the foreign statute.   In saying that 'every patent granted for an invention which has been previously patented in a foreign country shall be so limited as to expire at the same time with the foreign patent,' the statute manifestly assumes that the patent previously granted in a foreign country is one granted for a definite term; and its meaning is that the United States patent shall be so limited as to expire at the same time with such term of the foreign patent."

The decision in Commercial Mfg. Co. v. Fairbank Canning Co., 135 U. S. 176, 10 Sup. Ct. 718, has no appreciable bearing upon this case. An original United States patent was applied for December 13, 1873, and was issued December 30, 1873.   A Bavarian patent was granted April 8, 1873, and expired April 8, 1876, by limitation of its term.   An Austrian patent was granted October 31, 1869, and expired May 26,

1876, "on account of not being carried out" in Austria. Application for a reissue of the United States patent was made in May, 1882, and was granted June 13, 1882. The great question before the circuit and the supreme courts was whether the foreign patents were identical with those of the United States, and the circuit court, upon finding that they were, said that the reissue was void, because "the application on which it was granted was not made until May 20, 1882." The supreme court found that the circuit court's findings of fact and conclusions of law were correct.

The decision in Bate Refrigerating Co. v. Sulzberger, 157 U. S. 1, 15 Sup. Ct. 508, was confined to the single point that the provisions of section 4887 "refer to foreign patents granted previously to the issue of letters patent for the same invention by the United States, and not to foreign patents granted previously to the application for the American letters."

The remaining case is that of Huber v. Manufacturing Co., 148 U. S. 270, 13 Sup. Ct. 603, which is thought to have an important bearing upon the question now at issue. Letters patent of the United States were granted to an assignee of the inventors on June 27, 1882. An English patent, dated April 7, 1874, for the same invention, had been granted to the inventors for 14 years, but expired on April 7, 1881, by reason of the nonpayment of stamp duty. The application for the United States patent was filed more than seven months after the English patent had become void. The case was tried in the circuit court after the decision in the Bate Case and before that in the Pohl Case, and its opinion, based upon a widely extended misapprehension of the tendency of the Bate decision, was to the effect that under section 4887 the term of the actual existence, and not the legal term, of the foreign patent, limited the duration of the United States patent, and that the section "presupposed that at the date of the United States patent there was in force a foreign patent for the invention, and that, if there was no such foreign patent in force when the patent was issued, but only one which had lapsed and become void, although theretofore granted for the invention, there was no authority in law for the United States grant." The circuit court decreed that the United States patent was issued without authority of law, and was void, upon reasoning which was decided in the Pohl Case to be without foundation. Judge Blatchford was careful not to affirm, although he quoted the theory upon which the decree of the trial court was based. He had previously said that the "decision was made upon the interpretation which the [circuit] court gave to" the Bate Case. Pohl v. Brewing Co., supra. His conclusion was, "We are of opinion that, as in the case at bar the foreign patent was not in force when the United States patent was issued, the latter patent never had any force or validity"; and gave as the apparent reason for the conclusion that "the delay in applying for the United States patent until after the foreign patent expired amounted to an abandonment of the right to a United States patent. This is in accordance with the view of the commissioner of patents in Mushet's Case" (1870), which was an application for the extension of the term of a United States patent after the foreign patent for the same invention had ex-

pired,—an application which was at that time to be made to the commissioner of patents.

All the decisions of the supreme court upon section 4887 were intended to be limited to the question which arose upon the precise facts of the respective cases, and are to be so regarded, notwithstanding any general language which was used. The Huber Case is an authority only for the right to obtain a United States patent applied for seven months after a foreign patent had expired, and after its owners manifestly regarded it as of no importance, and consequently after the abandonment of the right to a United States patent. There has been no authoritative decision by that court upon the facts of the case at bar. The Pohl and Huber Cases simply suggest what may be their decision upon the facts as now presented. Section 4887 provided that prior foreign patenting should not be a bar to a United States patent, unless under certain circumstances, but that such patent should not extend beyond the term of the life of its foreign predecessor. If the invention or the right to a patent had been abandoned before the application for a United States patent, its issuance was prohibited under another section. If there had been no abandonment before application, but the issuance of the United States patent was delayed until the foreign patent had become forfeited by noncompliance with some statutory provision, the question is whether, when issued, its life had been destroyed, or whether its life was upon the declared or legal term of the foreign patent. If its life was destroyed, its destruction was effected while the application was under examination, and was delayed in the patent office. Such a result would be at variance with the spirit of the section, the intent of which was to make the United States term coterminous with the possible foreign term. If its life is a continuous one for 15 years, the construction makes the patent system a uniform one, and independent of mishaps occurring after the applicant was entitled to his patent, and which would have had no effect if the office could have been more prompt. The appellee's construction, in view of the effect of the decision in the Pohl Case, seems harsh and inequitable. Under that decision the legal term of a foreign patent in being when the United States patent was issued is the term of the life of the later patent, although the foreign patent should be forthwith forfeited. Under the construction asked for, if the foreign patent was forfeited pending the application for an American patent, its issuance is barred. It is very probable that any difficulty which exists in the construction of the section is because it was drawn with reference only to the state of facts which ordinarily arise, and the conditions which we are now considering did not occur to the draftsmen. The section is applicable to the case at bar because the foreign patent was "previously patented"; but there is no requirement that the foreign patent must be in force at the date of the United States patent, and in searching for the meaning of the section, as applied to this case, the words "to expire at the same time" should have the same construction in each set of circumstances, and should be taken to mean that the United States patent expires at the end of the term prescribed in the previous foreign patent.

The appellees make the point that a Rawson German patent of July 24, 1887, was void ab initio by reason of the publication of the specification of the Rawson English patent on July 23, 1887, because the German statute provides that an invention is not regarded as new if it has already been described in any printed publication, or publicly used in Germany, at the time of application for a patent, etc. The filing of the application must have been on July 23d, as appears from the testimony of one of the defendant's witnesses, and it does not appear that the English specification was published before July 23d. This point is without value as it is now presented.

The order of the circuit court is reversed, with costs.