VICTOR TALKING MACH. CO. et al. v. AMERICAN GRAPHOPHONE CO.

(Circuit Court of Appeals, Second Circuit. March 1, 1906. Rehearing Denied April 23, 1906.)

No. 237.

1. PATENTS—ABANDONMENT OF INVENTION.

Pending an application for a patent, the specification of which is broad enough to warrant the making of certain claims which are not made, the applicant, instead of inserting such claims by amendment, may at his election make them the subject of a new application, which in such case may fairly be considered a continuation of the first, and their omission therefrom will not operate as an abandonment.

2. SAME—INFRINGEMENT—GRAMOPHONE.

The Berliner patent No. 534,543, for improvements in talking machines, was not anticipated, and discloses patentable invention; nor is it invalidated by prior public use or abandonment. Claims 5 and 35 also *held* infringed.

Appeal from the Circuit Court of the United States for the Southern District of New York.

This cause comes here upon appeal from a decree of the Circuit Court, Southern District of New York, sustaining the validity and finding infringement of U. S. letters patent 534,543, granted February 19, 1895, to Emile Berliner for the "Gramophone."

The opinion in the Circuit Court is reported in 140 Fed. 860.

Philip Mouro, for appellant.
Horace Pettitt, for appellees.

Before LACOMBE, TOWNSEND, and COXE, Circuit Judges.

Per CURIAM. In affirming this decree we do not find it necessary to add anything to the careful and exhaustive discussion of the issues which will be found in Judge Hazel's opinion, with one single exception. In disposing of the defense of prior public use based upon the lecture and exhibition before the Franklin Institute, the Circuit Court apparently relied mainly upon the proposition that what took place there was not a public use, but rather an experimental one. Without discussing the questions thus raised, or expressing any definite opinion either way, we prefer to dispose of the alleged prior public use by means of the application of Berliner, which was filed six months prior to the Franklin Institute lecture, and which eventuated in patent 564,586, issued subsequent to the patent in suit. The specifications in that application for 564,586 were full enough to warrant the making of the claims here in controversy (5 and 35). At any time the application might have been amended by adding such claims, and in our opinion it is immaterial that, instead of thus amending it, he took the broader claims on another application, filed while the first was pending. The second may fairly be considered a continuation of the first, and thus Berliner's application antedates the public use, and the facts will not sustain the contention that he abandoned his invention here in suit.

The decree is affirmed.

### Leave to Amend Decree and to Apply for Rehearing on New Testimony.

There is no reason why the mandate should be amended because of any existing contract or stipulation as to licensing defendant. The decree does not operate to abrogate or modify any such agreement. As to the further relief prayed for, the motion is denied, on the ground of laches.