VICTOR TALKING MACH. CO. et al. v. TALK-O-PHONE CO.

SAME v. LEEDS & CATLIN CO.

(Circuit Court, S. D. New York. April 26, 1906.)

**1. PATENTS—EXPIRATION OF FOREIGN PATENT—IDENTITY OF INVENTION.**

A prior patent in a foreign country for a minor part of a broad or basic invention is not for the same invention as a subsequent United States patent covering both the minor parts and the broad main invention, within the meaning of Rev. St. § 4887 [U. S. Comp. St. 1901, p. 3382], and such foreign patenting of a part does not so affect the whole that the expiration of the foreign patent terminates the whole of the American patent including the broad claims.

[Ed. Note.—For cases in point, see vol. 38, Cent. Dig. Patents, §§ 188½–191.]

**2. SAME—TERM OF FOREIGN PATENT.**

The provision of Rev. St. § 4887 [U. S. Comp. St. 1901, p. 3382], that a United States patent shall expire at the same time as a prior foreign patent for the same invention, has reference to the legal term of the foreign patent as appears on its face at the time of the issuance of the United States patent, and the latter is not further limited by the subsequent lapse or forfeiture of any portion of such legal term of the foreign patent by the failure to comply with a condition subsequent, such as the payment of additional fees at stated intervals.

**3. SAME—INFRINGEMENT—GRAMOPHONE.**

The Berliner patent, No. 534,543, for improvements in talking machines, claims 5 and 35, *held* valid as against the claim that they expired with certain foreign patents, and a preliminary injunction granted restraining their infringement on prior adjudication of their validity.

In Equity. On motion for preliminary injunction.

Horace Pettit, for complainant.

Louis Hicks, for defendants.

TOWNSEND, Circuit Judge. The bills allege infringement of claims 5 and 35 of the Berliner patent, No. 534,543. The Circuit Court for the Southern District of New York, in the suit of this complainant against the American Graphophone Company (140 Fed. 860) after an exhaustive discussion of the issues presented, sustained said claims, and its decree was affirmed by the Circuit Court of Appeals on March 1, 1906, after elaborate argument by able counsel and upon voluminous briefs in which apparently every material defense was presented and discussed. The case on this motion is presented by some 500 pages of affidavits and briefs. "Defendants' Exhibit Letters Patent" is a book of some 135 pages. It appears that the machines of these defendants are practically identical with those found to infringe in the former suit. These defendants, however, have set up twelve defenses, claimed either to consist of new matter not before the court on the former hearing or to relate to matters which, while in the record at the former hearing, were not considered or discussed. The court is urged to dispose of these questions at the earliest possible moment, in view of the great financial interests involved, of the advertisements and circulars issued by the respective parties relating to the patent in suit and the machines claimed to

infringe, and of the serious damage involved whether a preliminary injunction be granted or denied.

The new defenses are founded, inter alia, on the contentions that the patent in suit has expired by reason of the expiration of prior Berliner German, French, and English patents, and a Berliner-Suess Canadian patent, by reason of Berliner's abandonment of his invention in view of said Berliner-Suess patent; that Berliner was anticipated by an Edison patent; that in the former suit the Berliner patent was not fairly in controversy; that complainant has been guilty of laches; and that defendants do not infringe, in view of the prior art and especially of certain prior Berliner patents. The first and second defenses rest upon prior Berliner German patent, No. 53,622, and French patent, No. 207,090. It is claimed that the Berliner patent in suit covers improvements in details of construction upon the gramophone described and claimed in earlier patents, because his broad invention had been disclosed therein, and especially in 372,786, not before the court in the original suit, and that those details were covered by said prior foreign patents; that the inventions in suit are identical with those of the foreign patents, and that, as they expired prior to the commencement of this suit, the patent in suit expired at the same time under the settled rule. Bate Refrig. Co. v. Sulzberger, 157 U. S. 1, 15 Sup. Ct. 508, 39 L. Ed. 601; Siemens v. Sellers, 123 U. S. 276, 8 Sup. Ct. 117, 31 L. Ed. 153. It is claimed that the language of the specifications of the patent in suit supports this view, where the patentee says that "one feature of my invention has reference to the method of recording sound," etc., and "the other features of my invention have reference to the construction of the details of both the recorder and the reproducer of the gramophone," and that, while he illustrated his reproducing apparatus as a whole, he does not state that it is his invention. It is claimed, further, that unless the claims in suit are limited to certain improvements in details they are anticipated by Edison and Suess.

It is argued that the patent in suit expired prior to the commencement of this suit by reason of the expiration of said prior Berliner German and French patents. The drawings of the German patent are substantially identical with Figures 6 and 7 of the patent in suit, and the specifications describe and the claims cover these constructions. The same is true (barring the claims which are immaterial) of said French patent. The German patent, being a patent of addition to prior patent No. 45,048, expired with the expiration thereof on November 7, 1902. The French patent expired July 19, 1905. The French patent and the claims of the German patent cover improvements in details of the construction of Berliner's recorder and reproducer. It is claimed by complainant that these details differ in construction and operation from those shown in the patent in suit and covered by claims not in issue; but this question can only be determined by expert testimony, and this point does not appear to be material in the determination of the issue herein. The issue here presented, assuming the details to be substantially identical, is whether the prior patenting in a foreign country of a minor part of

a broad or basic invention, such as that covered by the claims in suit, so affects the whole that the expiration of the foreign patent terminates the whole of a United States patent, which includes both the minor parts and the broad main invention. The Circuit Court and the Circuit Court of Appeals in the original suit held that the claims in suit covered the broad invention.

The claims in suit are as follows:

"(5) The method of reproducing sounds from a record of the same, which consists in vibrating a stylus and propelling the same along the record by and in accordance with the said record, substantially as described."

"(35) In a sound-reproducing apparatus, consisting of a traveling tablet having a sound record formed thereon and reproducing stylus shaped for engagement with said record and free to be vibrated and propelled by the same, substantially as described."

The statute provides as follows:

"Sec. 4887. No person shall be debarred from receiving a patent for his invention or discovery, nor shall any patent be declared invalid, by reason of its having been first patented or caused to be patented in a foreign country, unless the same has been introduced into public use in the United States for more than two years prior to the application. But every patent granted for an invention which has been previously patented in a foreign country shall be so limited as to expire at the same time with the foreign patent, or, if there be more than one, at the same time with the one having the shortest term, and in no case shall it be in force more than seventeen years." [U. S. Comp. St. 1901, p. 3382.]

The test in each case, under the statute, is whether the inventions are identical, as is said by the Supreme Court in Commercial Mfg. Co. v. Fairbanks Co., 135 U. S. 176–194, 10 Sup. Ct. 718, 724, 34 L. Ed. 88:

"A fair test of the question as to whether the American patent is anticipated by the foreign patents, or is included in them, we think would be: Were a person in this country, after the issue of the present American patent, to commence the manufacture of oleomargarine by the precise process described in the Bavarian or Austrian patents, supposing that process had not been patented abroad, would the courts refuse an injunction to restrain the use of the process on the ground that it infringed that covered by the American patent? We can hardly deem it possible that any intelligent court would deny an injunction, if applied for under such circumstances, and we think this fairly illustrates the relation of the foreign to the American patent."

The cases cited do not satisfactorily settle this question, or at most do not seem to support defendants' contention. Thus in Siemens v. Sellers, 123 U. S. 276, 8 Sup. Ct. 117, 31 L. Ed. 153, the Supreme Court held that the American patent expired with the foreign patent, saying that:

"The principal invention is in both, and if the American patent contains improvements this fact cannot save the patent from the operation of the law which is invoked."

In Western Electric Co. v. Citizens' Tel. Co. (C. C.) 106 Fed. 215, the court said as follows:

"But, what is more directly to the point, the essence of the patent in suit contained in the first claim thereof, namely, the cutting out of the annunciator from the circuit employed for conversation, is embodied in the description of the invention in the foreign patents. The construction given in the speci-

fications necessarily involves it. The case is, therefore, brought under the operation of the rule laid down in Siemens' Adm'r v. Sellers, 123 U. S. 276, 8 Sup. Ct. 117, 31 L. Ed. 153, even though it be conceded that there are differences in some details between the foreign and the home patents upon which independent claims might be based."

I fail to find in the numerous cases cited by counsel any authority for the proposition advanced by defendant that, if an article made according to the description of the prior foreign patent would infringe any claim of the American patent no matter how insignificant, then the two patents are for the same invention and the American patent expires in toto with the prior foreign patent. In fact the interpretation placed by the courts upon the decision of the Supreme Court in Siemens v. Sellers, supra, seems to be that the test is whether the principal invention of the domestic patent is found in the prior foreign patent. I think, from such brief examination as I have been able to give to the authorities cited, that the rule contended for by the defendant does not apply to cases where the foreign patents which have expired do not cover the broad claims for the basic invention.

It is next contended that the patent in suit expired at the same time with certain other Berliner German and French patents and an English patent, because these patents cover the invention of Berliner's United States patent, No. 564,586. But an examination of the drawings of the prior British patent shows that there is omitted therefrom the Figure 10 of the United States patent, No. 564,586, which was the only figure illustrating the form of the device covered by the claims here in suit. There is nothing either in the specifications or drawings of the said British patent which describes, illustrates, or shows the method or apparatus of the claims here in suit. These considerations apply equally to said earlier German and French patents.

The fourth, fifth, and sixth defenses are founded upon a Canadian patent (No. 41,901) to Berliner, as assignee of Suess, upon which defendant lays great stress. This patent discloses and broadly claims the invention covered by the claims here in suit. It is contended that thereby Berliner admitted that Suess was the inventor of the reproducing apparatus in suit, that by Berliner's application as assignee of Suess he abandoned the broad claims in suit and that, as the said Canadian patent covered said broad invention and expired in 1899, the patent in suit expired with it. The evidence introduced in the original suit showed, and the court found on the Suess patent, 427,279, that Suess was merely an improver of a particular form of swinging arm device, and some of the language used in the specifications of this Suess Canadian patent, which, however, was not before the court in the original suit, seems to indicate that its structure is merely an improvement on the broad Berliner invention, and Berliner himself afterwards applied for and obtained a Canadian patent for the broad invention covered by the claims here in suit. But the Canadian patent in terms describes and claims the broad generic invention of Berliner covered by the claims here in suit, as will be seen from the following claims:

"(5) In an apparatus for reproducing sounds from a record tablet, the combination with a reproducer mechanism consisting of a sound conveying

tube and a diaphragm and stylus mounted at one end of the tube, of a freely swinging supporting frame for the said reproducer mechanism, substantially as described."

"(7) In an apparatus for reproducing sounds from a record tablet, the combination with a reproducer mechanism consisting of a sound conveyor, and a diaphragm and stylus mounted at one end thereof, of a supporting frame for the said reproducer, loosely pivoted to swing freely both laterally and vertically, substantially as described."

"(11) In an apparatus for reproducing sounds from a rotating record tablet, a reproducing stylus mounted to have a free movement over the surface of the record tablet, substantially as described."

I think, therefore, that if this patent expired, as claimed, in 1899, the patent in suit expired at the same time, upon the authority of the decisions cited above.

It is contended by complainant, however, that the Canadian patent did not then expire, because it was granted for a term of 18 years from its date, namely, from February 11, 1893. The grant of the patent is for "the period of 18 years from the date, * * * subject to the conditions in the acts" of Canada. The patent grant further provides as follows:

"The partial fee required for the term of six years having been paid to the Commissioner of Patents, this patent shall cease at the end of six years from date unless at or before the expiration of the said term the holder thereof pay the fee required for the further term or terms as provided by law."

The rule in such cases, as I understand it, is that the duration of the United States patent is limited by the duration of the legal term of the foreign patent, and that it is not limited by any lapse or forfeiture of any portion of said term by means of any condition subsequent. Pohl v. Brewing Co., 134 U. S. 386, 10 Sup. Ct. 577, 33 L. Ed. 953.

In Bate Refrig. Co. v. Sulzberger, 157 U. S. 1, 15 Sup. Ct. 508, 39 L. Ed. 601, the Supreme Court says as follows:

"But the American patent will be granted upon the condition that, if you obtain the foreign patent first, your invention shall be free to the American people whenever, by reason of the expiration of the foreign patent, it becomes free to the people abroad."

In Bonsack Mach. Co. v. Smith (C. C.) 70 Fed. 383, the court, construing the decisions, held that the question in every case was, when does the foreign patent expire? looking to its language when issued. Applying this test here, I conclude with some hesitation that, as the term fixed in the grant was for 18 years, at the time when the United States patent in suit was issued, the latter does not lapse at the end of 6 years because of the failure of the patentee, after the United States patent had issued, to pay the fee for a further term of 6 years. This conclusion seems to accord with that reached by the Circuit Court of Appeals for this circuit in Welsbach v. Apollo, 96 Fed. 332. In any event, for reasons hereafter stated, I have concluded to resolve the doubt raised on this point in favor of the complainant.

The defense founded on the prior Edison patent will not be discussed, because said patent was before the court in the original suit.

The contention that by reason of a certain contract between the parties "the prior suit was not * * * a suit in which the Berliner patent in suit * * * was fairly in controversy" is not deserving of notice. The contract and the relations of the parties were fully before the court, and the record and briefs in said case are a sufficient answer to any such contention.

The other defenses of laches and noninfringement need not be considered. I have given all of my time available during the past 10 days to the examination of the various questions presented on this motion, and have reached the conclusion that, except as to the Suess Canadian patent No. 41,901, the defendants have failed to introduce any new matter which would in my judgment have led the courts to reach a different conclusion if it had been before them in the original suit. But, even if I am mistaken in this view, and if the expiration of the Suess Canadian patent is a complete defense, or if a decision of the questions raised as to the character and scope of the various patents now introduced for the first time should be postponed until final hearing, yet I am constrained to grant the injunction in order to permit an appeal and a determination of the questions at the earliest possible moment.

The motion for a preliminary injunction is granted, with leave to defendants to move for a stay pending the decision of these questions by the Circuit Court of Appeals.