VICTOR TALKING MACH. CO. et al. v. HOSCHKE.

(Circuit Court, S. D. New York.   December 27, 1907.)

PATENTS—INFRINGEMENT—TALKING MACHINES.

The Berliner patent, No. 534,543, for an improvement in talking machines, claims 5 and 35 *held* valid and infringed on a motion for preliminary injunction on prior adjudications of the validity and scope of such claims.

In Equity.   On motion for preliminary injunction.

Horace Pettit, for complainant.
Waldo G. Morse, for defendant.

HOUGH, District Judge.   The patent in suit is No. 534,543, granted to Berliner, and the infringement asserted is of claims 5 and 35, so frequently before the courts of this circuit.   140 Fed. 860; 145 Fed. 350, 76 C. C. A. 180; 146 Fed. 534; 148 Fed. 1022, 79 C. C. A. 536; 150 Fed. 147; (C. C. A.) 154 Fed. 58.   The rulings which are the foundation of the decision in Victor Talking Machine Co. v. Leeds & Catlin Co. (C. C.) 146 Fed. 534, and the contempt proceeding following affirmance of that decree are about to be reviewed in the Supreme Court.   Careful examination of the voluminous record here submitted strengthens the impression formed at hearing, that this is an endeavor to escape the necessary effect of the decisions of the Circuit Court of Appeals above referred to.   While recognizing fully the gravity of the questions now awaiting decision in the highest court, and the novelty in that court of at least two of the questions involved, I am not authorized to indulge in speculations of my own regarding them, but am bound to follow and apply the decisions controlling in the courts of this circuit.   It is admitted that those courts have declared the Berliner patent not to have been anticipated nor abandoned, to be patentable and not invalidated by prior use (140 Fed. 861), and

not to have expired with the expiration of numerous foreign patents (146 Fed. 534).

The present assertions are (1) that evidence is now offered for the first time tending to show that the Suess Canadian patent (No. 41,901) absolutely expired six years from the granting thereof, whereby the patent in suit also expired; and (2) that, while this circuit has decreed the validity of the Berliner patent, it has never been called upon to interpret its scope. The evidence regarding the Suess patent as a defense is the affidavit of Mr. Walker of the Canadian bar declaring that in his opinion the effect of not paying the second partial fee provided for by the Canadian patent act is to absolutely terminate the patent at the expiration of six years. It is admitted that this has never been the subject of a decision by the Canadian courts. It may well be that this is the universal opinion of the Canadian bar, but it does not meet the ruling of Judge Townsend in 146 Fed. 538, who there held:

"That the duration of the United States patent is limited by the duration of the legal term of the foreign patent, and is not limited by any lapse or forfeiture of any portion of said term by means of any condition subsequent."

The nonpayment of the second partial fee under the Canadian act is clearly a condition subsequent, and the legal term of a Canadian patent is not 6, but 18 years. It may be that such legal term absolutely ends when the second partial fee is not paid, and that the words "lapse" or "forfeiture" would not be used by Canadian lawyers, and a lease may by its language end for nonpayment of rent or other breach of condition; but such termination does not change the original "legal term" either of the patent or the lease. Judge Townsend's declaration of the law is not a construction of the Canadian patent act or a declaration of what the Canadian law on that subject may be, but a statement of the law of this country as affected by a Canadian statute, and there is no intimation in his ruling that the result would have been different had the Canadian practice appeared to be as it is now declared to be by the affidavit of Mr. Walker.

As to defendant's second contention, I do not think it true that the courts of this circuit have not interpreted the scope of the Berliner patent. Judge Hazel declared that:

"The lateral undulations in (complainant's) record automatically guide or propel the stylus and diaphragm in its course over the disc, from its outer circumference toward the center, and the stylus travels in an apparently direct radial path while at the same instant of time it is pulsated or incited by the sound wave."

This is a description of the method of operation of complainant's talking machine. The principle of operation of complainant's machine as declared in the same decision (140 Fed. 863) is the "lateral vibration of the stylus point and the propelling of the same over the surface of the record without mechanical assistance and through the means of the groove alone." Such is said to be the primary object of the inventor; and, again (page 864 of 140 Fed.) it is stated that the "principle of Berliner's invention rests upon the practicability of propelling the stylus in the groove across the surface of the record without a feed screw or other mechanism." It has thus been definitely held that Berliner's invention covers the reproduction of sound by means of a

vibrating reproducing stylus, shaped for engagement with the laterally undulated groove of a sound record, and free to be vibrated and propelled by the revolving record itself, without the assistance or guidance of a feed screw or other mechanism. The stylus of the patent being engaged with the spirally shaped groove of a horizontally revolving record is compelled by such revolution to move in a radial path toward the center of disc and spiral, while its cotemporaneous contact with the sides of the disc groove causes a pulsation of the diaphragm and reproduction of the sound recorded by indentations or undulations of the groove walls.

Defendant's machine in every material feature is complainant's, and so is the disc obtained from defendant for use with that machine. The only difference between the two machines is that defendant's has within its free arm a spring tending to press the stylus against the inner wall of any groove with which it may be engaged, and causing arm and stylus, when disengaged from any groove, to pass the stylus point through the arc of a circle whose radius is the free arm. This is the distinction upon which defendant relies. That it is not a feed screw or other equivalent mechanism seems to me plain. If a record be constructed with a groove so wide that it is not possible for an absolutely free stylus to engage both sides of the groove by merely rotating the grooved disc, it is shown that complainant's machine will not reproduce articulate sound, while the defendant's will reproduce the same, provided that the sound record is entirely upon that side of the groove with which the spring aforesaid compels engagement. And the result is the same if the disc be constructed with a wall formed by lowering the plane of the outer edge of the disc. Such wall is in effect the inner side of a groove. In other words, the spring enables a stylus otherwise free to reproduce articulate or musical sound recorded upon one wall, instead of two.

But it is also true that the spring of defendant's machine is not strong enough, and evidently not intended to be strong enough, to prevent its use with disc records of narrow grooving bearing sound markings or indentations on both sides of the groove, and with such records the presence or absence of the spring in defendant's machine makes no difference, as has been demonstrated in the presence of counsel. Were defendant selling a machine containing this spring, together with wide grooved or wall records with reproducing indentations only upon the side against which the spring presses the stylus, it may be that no infringement would be found; but, when defendant's machine is used in the same way, with the same disc, and produces the same effect by the same means, as does complainant's machine, it is an infringement notwithstanding the spring, and this is what defendant has done according to the proof.

It seems clear, therefore, that defendant has infringed complainant's patented combination, and the fact that one element in the combination (i. e., the machine) may be used in combination with articles bearing no resemblance to the other elements of the combination as patented cannot make any difference. This litigation is not concerned with what defendant might do, but what he has done. He

might perhaps have avoided infringement by varying his combination; so might the defendants in the last case concerning this patent. 154 Fed. 58.

An injunction may issue as prayed for.