VICTOR TALKING MACH. CO. et al. v. SONORA PHONOGRAPH CO.

(Circuit Court, S. D. New York. February 25, 1911.)

PATENTS (§ 327*)—PATENT SUITS—EFFECT OF PRIOR DECISIONS.

Where a Circuit Court on pleadings properly raising the issue has determined that the invention of a United States patent and of a prior foreign patent were identical, and that the United States patent would therefore expire by force of Rev. St. § 4887 (U. S. Comp. St. 1901, p. 3382), with the term of the foreign patent, although such determination was not essential to the decision of the matter before it, and such decision has been affirmed by the Circuit Court of Appeals, it will be followed by another Circuit Court in the same circuit.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 620–625; Dec. Dig. § 327.*]

In Equity. Suit by the Victor Talking Machine Company and another against the Sonora Phonograph Company. On motion to modify injunction. Motion granted.

Upon a final hearing in this cause decree was entered the 15th day of December, 1910, 183 Fed. 849. The suit is upon Berliner patent, No. 534,543, which by its terms expires on the 19th of February, 1912. The injunction aforesaid being in force, a motion is made to limit or modify the same upon the ground that it appears from the records of this court that the invention of the patent in suit has been adjudicated to be the same as that secured in the Dominion of Canada by letters patent No. 41,901, issued to the same Berliner (as assignee of Suess) on February 11, 1893, and therefore expiring under Canadian law on February 11, 1911. Motion heard upon the entire record herein, upon affidavits and exhibits filed for the motion, and reference was also had to the original records of the various causes resulting in decisions hereinafter referred to.

Horace Pettit, for complainant.
Waldo G. Morse, for defendant.
Emery, Booth, Janney & Varney, amici curiæ.

HOUGH, District Judge (after stating the facts as above). The only contention of defendant needing consideration is that, so far as the claims of the Berliner patent here relied upon are concerned (Nos. 5 and 35), it is in the courts of this circuit, if not in all the courts of the United States, res adjudicata that the patent in suit expires by force of section 4887, Rev. Stat. (U. S. Comp. St. 1901, p. 3382), with the Suess Canadian patent above mentioned.

The inquiry whether the matter is res adjudicata will be made without any expression of opinion on my part as to the merits of the question as originally presented in previous litigations.

The point has been stated in the language of counsel, though it is certainly true that, even if defendant's contention be correct, the status of the Berliner patent in respect to the Suess patent is not and cannot be res adjudicata in the sense in which that phrase is often used (as by Lamar, J., in Lyon v. Perin Mfg. Co., 125 U. S. 700, 8 Sup. Ct. 1024, 31 L. Ed. 839), because the person and parties in and to this action are not identical with those of the litigations on which defendant relies.

Yet the rule invoked is stronger than that of stare decisis, for, "where questions affect titles (to land), it is of great importance to

the public that, when they are once decided, they should no longer be considered open—such decisions become rules of property and many titles may be injuriously affected by their change." Minnesota Co. v. National Co., 3 Wall. 334 (18 L. Ed. 42). The duration of a patent being the limit set to a lawful monopoly, certainty concerning it is quite as important as the title to land, and is indeed a species of title, for that which the patentee has not shown a clear right to is the property of the public.

The real proposition of defendant is that, since "a judgment is conclusive upon a matter legitimately within the issue and necessarily involved in the decision" (McCall v. Carpenter, 18 How. at 302, 15 L. Ed. 389), it has been settled and solemnly decreed in an action brought by this complainant against another defendant that the patent right which was the basis of the former suit and is the basis of this terminated on February 11, 1911, and that this result was declared in a litigation wherein the issue was presented by the pleadings, and was in the opinion of the courts of this circuit necessary to the judgment then made and still in full force and effect.

If these assertions be true, the question is not an open one in this court. Florida Central R. R. Co. v. Schutte, 103 U. S. 118, 26 L. Ed. 327; Union Pacific R. R. Co. v. Mason City & Ft. Dodge R. R. Co., 199 U. S. 160, 26 Sup. Ct. 19, 50 L. Ed. 134.

The Berliner patent was first adjudicated and the rights of these complainants therein first declared in Victor Talking Mach. Co. v. American Graphophone Co. (C. C.) 140 Fed. 860, and the decree there directed was affirmed in 145 Fed. 350, 76 C. C. A. 180. The Appellate Court said that they did not "find it necessary to add anything to the careful and exhaustive discussion of the issues" made by the court below, with one exception. That exception bears no relation to this controversy, so that in effect the opinion of the trial court became that of the higher court.

An examination of the record shows that the Suess Canadian patent was not pleaded nor was any allusion to it made in that cause. The defendants, however, did plead the Suess American patent 427,279, and introduced the same in evidence, and of this patent Hazel, J., said that the specification thereof stated that:

"The invention related to improvements in the reproducing apparatus of Berliner and that the construction and mounting of the stylus formed no part of the invention."

Wherefore it was held that "the improvement of Suess is not anticipation."

This finding being based on appropriate pleadings and evidence, and having been adopted by the Circuit Court of Appeals, amounts to a decree of that court that the Suess American patent was not for the same invention as that contained in the Berliner patent.

If the two Suess patents (Canadian and American) be compared, it is so obvious as to need no discussion that the specifications and diagrams reveal the same invention. The diagrams are identical and the specifications identical in every material point. When the claims, however, of the two patents are compared, they are quite different.

Those of the American patent are appropriate to the invention that Suess had in mind, namely, a particular form of swinging arm; but the claims of the Canadian patent, and especially claims 5, 7, and 11, are much broader, and undoubtedly raise the questions whether (1) they are or are not the equivalents of the claims of Berliner as stated in the patent in suit and supported by the decisions above referred to, and (2) whether the claims so stated (if construed as equivalent to Berliner's claims 5 and 35 or either of them) are supported by the revelations of the specification and diagrams.

This question was squarely raised in the next case brought on the Berliner patent and heard on motion for preliminary injunction by Townsend, J., in Victor Talking Mach. Co. v. Talk-o-phone Co. (C. C.) 146 Fed. 534. An examination of the record therein shows that the Suess Canadian patent was distinctly pleaded, not only as a reference, but specifically as a bar under section 4887, Rev. Stat., on the ground that it had been granted on February 11, 1893, for a term of six years only and had therefore expired before answer filed. Two questions relating to this Canadian patent were therefore presented, and necessarily presented for the decision of the court in that case: (1) Did the Canadian patent cover the identical invention of Berliner? (2) Had the Canadian patent expired with the end of the six-year term? Obviously both these inquiries had to be answered in the affirmative in order to benefit defendants—a negative answer to either was enough for the complainants.

I see nothing in the pleadings or the logic of the matter compelling the court to answer one question before the other, or preventing it from considering both. Both were in issue, and both presented justiciable matter. Townsend, J., chose to answer both, and definitely found, as he had a right to, that "the Canadian patent in terms describes and claims the broad generic invention of Berliner covered by the claims here in suit (5 and 35)," and added that "if this (Canadian) patent expired as claimed in 1899 the patent in suit expired at the same time."

Having thus answered the first query, he was bound to respond to the second, and that he answered in the negative, finding that the life of the Canadian patent for purposes of section 4887 was the 18-year period which the defendants in this case rely upon.

An appeal having been taken, the defendants assigned for error so much of the holding of the court below as was against them, saying that the court erred "in not holding (that this patent) expired February 11, 1899, with the expiration of the term of six years for which the prior Canadian patent No. 41,901 of February 11, 1893, was granted." Record, p. 536.

In the higher court this matter was elaborately considered by counsel (page 130 et seq. of brief contained in record of Circuit Court of Appeals), and it was specifically urged that:

"This Canadian patent was not intended for any broader invention than the Suess (American) patent, and did not describe any broader invention than that patent."

The language of the earlier case as to the Suess American patent was quoted, and the point urged that:

"Townsend, J., in the court below was right in granting the preliminary injunction, though he was apparently mistaken in his conclusion where he stated that the Canadian patent in terms describes and claims the broad generic invention of Berliner covered by the claims here in suit." Id., pp. 134, 135.

On such a record and such arguments the decision of Townsend, J., was affirmed in open court (Victor Talking Mach. Co. v. Leeds & Catlin Co., 148 Fed. 1022, 79 C. C. A. 536), and, when brought up on certiorari to the Supreme Court, again affirmed in 213 U. S. 301, 29 Sup. Ct. 495, 53 L. Ed. 805.

I think it apparent from the foregoing résumé that the only proposition left for argument on defendant's part is that Townsend, J., erred in holding on a point plainly pleaded that the Canadian patent covered the same invention as the patent in suit; and complainants' counsel with his usual frankness has admitted as much. But, if such error was committed, both appellate tribunals also erred in failing to correct a wrong finding on an issuable fact. It is, of course, possible (and complainant has done it) to point out that the Circuit Court need not have answered the query as to identity of invention, and the decisions on appeal do not specifically approve the finding so made. This species of hair splitting may be left to appellate tribunals which find themselves embarrassed by their own decisions. This court can only follow the apparent effect of previous authoritative rulings.

It is not overlooked that complainant has introduced on this motion considerable testimony tending to show that in the opinion of experts, and of Messrs. Berliner and Suess, the Canadian Suess patent is for the same invention as that described in the Suess American patent; and it is claimed that had Townsend, J., had before him what is now before the court he would not have held as he did. But his decision was that, admitting similarity in specifications and drawings, the claims being different, the broader claims were justified by the antecedent description.

Perhaps this was wrong, but, if so, it was error not arising from lack of evidence, or misleading evidence, but from an erroneous inference drawn from a comparison of two documents both in evidence before him and before me. The documents have not changed, and no amount of evidence can change their language or the meaning thereof.

It is five years since Judge Townsend's decision, it has become widely known, and investments have been made on faith of it; in short, a better instance could not be found of the importance of not lightly disturbing a matter once authoritatively settled.

The motion is granted, order to be settled in accordance with the practice indicated by De Florez v. Reynolds (C. C.) 8 Fed. 434, and Westinghouse v. Carpenter (C. C.) 43 Fed. 894.

This order was not appealed from; but Victor Talking Machine Co. v. Hoschke, infra, shortly came on for final hearing before Hazel, District Judge, and, the same point being involved, the foregoing opinion was followed, and injunction refused. From the decree so entered an appeal was taken by complainant.