### VICTOR TALKING MACH. CO. et al. v. HOSCHKE et al.

#### (Circuit Court of Appeals, Second Circuit. May 26, 1911.)

#### No. 257.

1. APPEAL AND ERROR (§ 1145\*)—SCOPE OF DECISION—AFFIRMANCE WITHOUT OPINION—"ON THE OPINION BELOW"—"AFFIRMED."

Where a Circuit Court of Appeals affirms a decision "on the opinion below," it approves the reasoning, adopts the findings, and concurs in the conclusions of the court below; but, where the decision below is merely "affirmed," such approval and concurrence are not to be inferred, but, on the contrary, it is to be understood that for some reason the appellate court prefers not to adopt the opinion below.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4444–4657; Dec. Dig. § 1145.\*

For other definitions, see Words and Phrases, vol. 1, pp. 247, 248.]

2. PATENTS (§ 328\*)—TERM—LIMITATION TO TERM OF PRIOR FOREIGN PATENT—IDENTITY OF INVENTION—GRAMOPHONE.

The Suess Canadian patent, No. 41,901, for a talking machine, is not for the same invention as that covered by the United States patent to Berliner, No. 534,543, claims 5 and 35, and the life of the Berliner patent is not dependent on the term of the Suess patent.

Appeal from the Circuit Court of the United States for the Southern District of New York.

Suit in equity by the Victor Talking Machine Company and another against William H. Hoschke and the Sonora Phonograph Company. Decree for defendants (188 Fed. 330), and complainants appeal. Reversed.

This cause comes here upon appeal from a decree of the Circuit Court dismissing the bill in a suit for infringement of United States patent No. 534,543, issued February 19, 1895, to Emil ·Berliner, for a gramophone.

Horace Pettit, for appellants.

Waldo G. Morse (Frank Cochrane and Emery, Booth, Janney & Varney, of counsel), for appellees.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

LACOMBE, Circuit Judge. The patent in question is the well-known Berliner patent, which has been frequently before the courts. Its two claims, Nos. 5 and 35, are basic, and have been held valid by the Supreme Court. Leeds & Catlin v. Victor Talking Machine Company, 213 U. S. 301, 29 Sup. Ct. 495, 53 L. Ed. 805; Talk-O-Phone Company v. Same, 213 U. S. 325, 29 Sup. Ct. 503, 53 L. Ed. 816.

The single defense in this suit is that the Berliner patent expired

with the expiration of the original term of a Canadian patent granted to Werner Suess, assignor to Emil Berliner, the term of which Canadian patent expired on February 11, 1911. The normal life of the Berliner patent, if not curtailed by the expiration of some foreign patent, would extend until February 19, 1912. Suess was an employé of Berliner at the time the patents were taken out.

The two claims of Berliner read as follows:

"5. The method of reproducing sound from a record of the same which consists in vibrating a stylus and propelling the same along the record by and in accordance with the said record, substantially as described."

"35. In a sound reproducing apparatus consisting of a traveling tablet having a sound record formed thereon and a reproducing stylus shaped for engagement with said record and free to be vibrated and propelled by the same, substantially as described."

The three claims of the Suess Canadian patent to which defendants refer as indicating identity of invention are as follows:

"5. In an apparatus for reproducing sounds from a record tablet, the combination with a reproducer mechanism consisting of a sound conveying tube and a diaphragm and stylus mounted at one end of the tube, of a freely swinging supporting frame for the said reproducer mechanism, substantially as described."

"7. In an apparatus for reproducing sounds from a record tablet, the combination with a reproducer mechanism consisting of a sound conveyer, and a diaphragm and stylus mounted at one end thereof, of a supporting frame for the said reproducer, loosely pivoted to swing freely both laterally and vertically, substantially as described."

"11. In an apparatus for reproducing sounds from a rotating record tablet, a reproducing stylus mounted to have a free movement over the surface of the record tablet, substantially as described."

The following review of the history of litigation in this circuit on the Berliner patent is essential to an understanding of the questions now presented:

In September, 1905, the validity of these two claims was sustained by Judge Hazel and infringement found in Victor Talking Machine Company v. American Graphophone Co. (C. C.) 140 Fed. 860. That decision was affirmed by this court for reasons stated in April, 1906. 145 Fed. 350, 76 C. C. A. 180. In the same month, April, 1906, and in a suit against other defendants, application was made to Judge Townsend upon affidavits for a preliminary injunction against alleged infringement of these same claims. In opposition to that application it was contended that the Suess Canadian patent covered the invention claimed by Berliner; that by reason of a failure to pay certain fees on the Canadian patent its normal term was shortened, and it expired February 11, 1899; and that the Berliner United States patent expired on the same day, seven years before the application for the injunction. Victor Talking Machine Company v. Leeds & Catlin (C. C.) 146 Fed. 534. Judge Townsend, after disposing of several other questions which arose in the case, held that the Canadian patent described and claimed the broad generic invention of Berliner, covered by his United States patent, and further held that the latter patent was not limited by any lapse of the Canadian patent occurring prior to the expiration of the original term of such Canadian patent. He granted a preliminary injunction.

Appeal was taken from Judge Townsend's order to this court, which, without writing any opinion, affirmed such order in open court. 148 Fed. 1022, 79 C. C. A. 536. A certiorari to review this decision was issued by the Supreme Court, and the decree was affirmed (213 U. S. 301, 325, 29 Sup. Ct. 495, 503, 53 L. Ed. 805, 816); the court holding that the duration of a United States patent is not limited by any lapsing or forfeiture of any portion of the term of a foreign patent for the same invention by means of the operation of a condition subsequent. In a suit brought against the Sonora Phonograph Company a decree for·injunction during the lifetime of the Berliner patent was entered December 15, 1910. An application was subsequently (February, 1911) made to Judge Hough to limit said injunction, so as not to extend beyond February 11, 1911, upon the ground that the full term of the Canadian patent expired on that day. He held that the identity of the two patents was already determined in prior litigations, and modified the decree as prayed. Victor Talking Machine Company v. Sonora Company, 188 Fed. 330.

The case at bar came on for hearing before Judge Hazel; much testimony having been taken as to the issuance of the two patents and bearing upon the construction hereof. Judge Hazel concurred in Judge Hough's opinion and entered a decree dismissing the bill March 1, 1911. It is from such decree that the pending appeal is taken. It is argued here that the only question in the case has been disposed of by former decisions and that the decree of dismissal should be affirmed.

We find no constraining decision. Judge Townsend, at circuit, had before him some affidavits and documents, and the question was presented to him whether or not the inventions were identical. He need not have answered it; but he chose to do so, and made findings and expressed a conclusion thereon. When the same question subsequently comes before another judge at circuit on substantially the same evidence, it is to be expected that he will follow Judge Townsend's findings and conclusion. But, if the evidence is materially different, so that he feels convinced that upon the new record Judge Townsend would have decided differently, we do not understand that he is so constrained.

[1] As to *this* court, when an order is "affirmed on the opinion of the court below," it approves the reasoning, adopts the findings, and concurs in the conclusions of the court below. When, itself writing nothing, making no record of its findings as a court of appeals, it merely announces, "Order affirmed," it is to be understood that for some reason it prefers not to adopt the opinion of the court below, either that it has reached the conclusion by a totally different process of reasoning, or that, while in the main approving the opinion, there is something in it which the appellate court does not wish to approve.

In the case at bar all that this court has done has been to affirm Judge Townsend's conclusion that by reason of the nonpayment of dues on the Suess Canadian patent, the United States·Berliner did *not*·expire 12 years ago; and that decision, on the record then presented, did not necessarily involve a finding as to the identity of the

inventions claimed in the two patents. The syllogism submitted to Judge Townsend was:

Major premise: When an invention which is protected by a United States patent has also been protected by a Canadian patent, and before the expiration of its normal term the Canadian patent lapses because of nonpayment of dues, the United States patent will expire at the same time.

Minor premise: The invention protected by the Berliner United States patent was also protected by the Suess Canadian patent.

This court and the Supreme Court both held that the major premise was unsound, and therefore inquired no further.

[2] The question whether or not the two patents cover the same invention has been argued by both sides at great length. It is much simplified if we bear in mind the object of the statute, which was to provide that when an inventor had secured a monopoly in a foreign country by taking out a patent therein, in addition to the monopoly he had secured here, and the monopoly abroad terminated by expiration of the patent there, the people of this country should also be free to make and sell the patented invention. It is apparent that the real question to be considered is, not what information is given to the world by specifications, but what is the invention which the claims protect and of which they secure the monopoly. In other words, what is the correct construction of the claims of the two patents; the language in which they are expressed not being identical. Claims 5 and 35 of the Berliner United States patent have been repeatedly construed by the courts in this country and found to cover a broad, basic invention. The three claims of the Suess Canadian patent have not been construed by the courts of that country, so we do not know authoritatively what invention it was which those claims secured to the patentee in Canada. But the Suess application expressly states that his invention has reference only "to improvements in the reproducing apparatus adapted for use in the method of recording and reproducing sounds heretofore invented and published by Emil Berliner."

Subsequently to its issue the Canadian Patent Office granted a patent to Berliner himself undoubtedly covering his broad invention and containing the very claims 5 and 35 of his United States patent. In view of these circumstances, we have no doubt that if, at any time during its lifetime, the Suess patent had come before the Canadian courts to be construed, it would have been found not to protect the broad invention of Berliner, but only the specific and detailed form of improvement which Suess contributed to the art. This being so, it is immaterial whether or not, in the specifications of the Canadian patent, there is contained sufficient information to indicate what the broad invention was. We are satisfied that the inventions covered by the claims of the two patents are not identical, and that the life of the Berliner United States patent is not dependent on the term of the Suess Canadian patent.

The decree is reversed, with costs, and cause remanded, with instructions to decree in conformity with the views expressed in this opinion.